D. F. C. REEVES, SR. *et al. v.* A. B. CATIGNANI.*

*(Nashville.* December Term, 1927.)

Opinion filed June 16, 1928.

**1. VERDICT. REMITTITUR.**

The considerations in favor of reducing a verdict, with plaintiff's consent, to an amount which the Court believes to be fair and reasonable very often outweigh those urged in support of a reversal and new trial. (Post, p. 175.)

Citing: Railroad v. Roberts, 113 Tenn. (5 Cates), 488; Grant v. Thompson, 129 Tenn. (2 Thomp.), 408.

**2. VERDICT. REMITTITUR. FRAUD.**

The right to revise even the amount of a verdict by the process of suggesting a remittitur is a delicate one and one that the Court should be slow to adopt; and if it should appear that there was in the verdict an element of actual corruption, the proper course would be to set it aside. (Post, p. 176.)

**3. VERDICT. PASSION, PREJUDICE OR CAPRICE. DISHONEST VERDICT.**

The words "passion, prejudice or caprice" indicate that the jury was swayed to a more or less extent by their feelings, which after all, are human and not inconsistent with an honest intention, while on the other hand, a verdict that is infected with the corruption of one or more jurors is to that degree a dishonest verdict. (Post, p. 176.)

**4. DAMAGES. VERDICT. CONCURRENCE OF TRIAL COURT AND COURT OF APPEALS.**

The amount of damages is primarily for the jury to determine, and the next most competent person to pass upon the matter is the Trial Judge; so that where it has been determined that the defendant was responsible for the accident, and the Trial Judge and the Court of Appeals have agreed on the amount thereof, such

concurrence is "well-nigh conclusive," and having regard for this practice the judgment should be affirmed by this Court. (Post, p. 176.)

Citing: Grant v. Railroad, 129 Tenn. (2 Thomp.), 410; Goodner v. Goodner, 147 Tenn. (20 Thomp.), 537.

---

*Headnotes 1. New Trial, 29 Cyc., p. 1022; 2. New Trial, 29 Cyc., p. 1023; 3. Damages, 17 C. J., section 181; 4. Appeal and Error, 4 C. J., section 3071; 5. Appeal and Error, 4 C. J., section 2849.

---

## FROM DAVIDSON.

---

Appeal from the Circuit Court of Davidson County.— Hon. A. B. NEIL, Judge.

JEFF McCARN, for plaintiff in error.

JORDAN STOKES, JR., and JORDAN STOKES, III., for defendant in error.

MR. CHAS. C. TRABUE, Special Judge, delivered the opinion of the Court.

This was a suit for damages alleged to have resulted from a collision of defendant's automobile, while driven by his son, Joe, with plaintiff's automobile, in which plaintiff and some of his children were riding at the time.

The jury rendered a verdict for $4,000 as compensatory damages and $500 as exemplary damages. On motion for a new trial the trial judge suggested a *remittitur* of the exemplary damages of $500 and also of $2,000 of the compensatory damages, and this was assented to by plaintiff.

On appeal the judgment was affirmed by the Court of Appeals and the case was brought to this court by *certiorari*.

The complaints made in this court relate altogether to the amount of damages. It appears that plaintiff suffered rather slight injuries so that he was able, although with some inconvenience, to go back to work the next day. Also his automobile was damaged and he incurred certain medical expenses for attention to himself and children. The whole of his actual damages were estimated by the trial judge at around $500.

At the instance of the trial judge, as noted above, the judgment in the lower court was reduced to $2,000, and this amount has now also been approved by the Court of Appeals.

It is ably and earnestly urged in the petition filed in this court, as it was in the Court of Appeals, that, since the verdict of the jury was manifestly excessive and was found to be so by the trial judge, and since this was the result of passion or prejudice on the part of the jury, this is a vice that must have permeated the whole verdict and that cannot be cured by reducing the damages; and that defendant is, therefore, entitled to have a new trial.

*(1)* There is, undoubtedly, much to be said in support of such a contention. It is a subject that has been discussed over and over again by the courts of the country, and many of them have adopted the rule that counsel here urges. But the question is not a new one in this court. It has heretofore been before us, and the principle established by our decisions is that the considerations in favor of reducing the verdict, with plaintiff's consent, to an amount that the court believes to be fair and reasonable very often outweigh those urged in support of a reversal and new trial. *Railroad* v. *Roberts,* 113 Tenn.

(5 Cates), 488; *Grant* v. *Thompson,* 129 Tenn. (2 Thomp.), 408.

*(2)* The right to revise even the amount of the verdict by the process of suggesting a *remittitur* is a delicate one and one that a court should be slow to adopt; and if it should appear that there was in the verdict an element of actual corruption, we think the proper course would be to set it aside. *(3)* The words "passion, prejudice or caprice" indicate that the jury was, in the opinion of the court, swayed to a more or less extent by their feelings, which after all are human and are not inconsistent with an honest intention, while, on the other hand, a verdict that is infected with the corruption of one or more of the jurors is to that degree a dishonest verdict.

*(4)* The complaint in the case at bar is not that the verdict was corrupt either actually or inferentially, but that it was so large as to indicate that it was influenced by passion, prejudice or caprice; in other words, not that it was a dishonest verdict but that it was an excessive verdict.

The amount of the verdict is primarily for the jury to determine, and next to the jury the most competent person to pass upon the matter is the judge who presided at the trial and heard the evidence. It has been determined that the defendant was responsible for the accident, and the trial judge and Court of Appeals have concurred in approving an allowance of $2,000 as damages. Where the two courts have agreed in this way on the amount of damages, our practice has been to treat such concurrence as "well-nigh conclusive:" *Grant* v. *Railroad,* 129 Tenn. (2 Thomp.), 410; *Goodner* v. *Goodner,* 147 Tenn. (20 Thomp.), 537; and, having regard to this practice, we do not see any sufficient ground here for further interference.