## Lunn *v.* Ealy.

*(Nashville,* December Term, 1939.)

Opinion filed June 29, 1940.

JACKSON & BUCKNER, of Murfreesboro, C. F. PETTWAY, and ROY H. TRUAN, both of Knoxville, and S. E. WASSON, of Nashville, for plaintiff in error Lunn.

BRALY CRAIG, of Lewisburg, A. V. McLANE, of Nashville, and CHARLES E. HAGAN and BENNETT ESLICK, both of Pulaski, for defendant in error Ealy.

MR. JUSTICE McKINNEY delivered the opinion of the Court.

This is a damage suit instituted by Ealy against Lunn as the result of an accident in which Lunn's truck negligently and heedlessly collided with and sideswiped Ealy's Chevrolet automobile, in which he was riding, greatly damaging the automobile and tearing Ealy's left arm from its socket. The jury returned a verdict in favor of Ealy fixing the damage to the automobile at $200 and allowing him $7,000 for the injuries which he sustained. The verdict was approved by the trial court and his judgment was affirmed by the Court of Appeals. Ealy is twenty-six years of age, was an ordinary manual laborer possessing only an elementary school education, suffered great pain as a result of this injury, and incurred hospital and medical bills amounting to about $500.

In *Reeves* v. *Catignani*, 157 Tenn., 173, 176, 7 S. W. (2d), 38, 39, it is said:

"The amount of the verdict is primarily for the jury to determine, and next to the jury the most competent person to pass upon the matter is the judge who presided at the trial and heard the evidence. It has been determined that the defendant was responsible for the accident, and the trial judge and Court of Appeals have

concurred in approving an allowance of $2,000 as damages. Where the two courts have agreed in this way on the amount of damages, our practice has been to treat such concurrence as 'well-nigh conclusive.' ''

We see no occasion to depart from this rule in the case under consideration.

It was the theory of Ealy that the truck, at the time of the accident, was being operated by a colored boy by the name of Thomas Ray, Jr., who was a servant of Lunn and engaged at the time in his master's business. With regard to the liability of Lunn, error is assigned upon the following instruction given by the court to the jury:

"It is for you to determine from the facts of this case as to the ownership of this truck involved in the accident, and as to the matter of agency or employment, and, if you find that the truck was owned by the defendant, you must also find that it was being operated by his agent or employee and in and about his, the defendant's business."

We consider this a correct statement of the law. There was no request for additional instructions as to the liability of Lunn. It is the well-settled rule of this court that if the charge of the judge to the jury be correct so far as it goes, although meager and not a full statement of the law on the subject, it is not reversible error where there is no request for additional instructions. See cases listed in Michie's Digest of Tennessee Reports, 1935 edition, Vol. 1, pp. 686, 687.

Error is also assigned upon the action of the trial judge in permitting one of the counsel for Ealy to propound this question to the tendered jury:

"I want to ask you all this question, I want to know if you are a stockholder or shareholder or director, official or employee, or in any way or manner interested in any

insurance company issuing policies for protection against liability for damages or injuries to persons or property doing business in the State of Tennessee?" The response was in the negative.

It is urged on behalf of Lunn that this was prejudicial and was propounded for the sole purpose of informing the jury that Lunn carried liability insurance. In the absence of the jury, this matter was thrashed out before the trial judge, counsel for Ealy giving his reasons for asking the question, and stating that he was acting in good faith for the purpose of ascertaining the qualifications of the jurors.

This question has been fully annotated in 56 A. L. R., the conclusion of the annotator, stated on page 1456, being as follows:

"The overwhelming majority of the courts sustain the right of counsel for the plaintiff in a personal-injury case, so long as he acts in good faith for the purpose of ascertaining the qualifications of the jurors, and not for the purpose of informing them that an insurance company is back of the defendant of record, to interrogate prospective jurors by one form or another of questions, with respect to their interest in, or connection with, indemnity insurance companies."

This statement is followed by a long list of supporting cases, both State and federal. Subsequent decisions are also listed in 74 A. L. R., 860; 95 A. L. R., 404, and 105 A. L. R., 1330. This right is also supported by decisions of our Court of Appeals in *Bourne* v. *Barlar*, 17 Tenn. App., 375, 67 S. W. (2d), 751; *Stephens* v. *Clayton*, 22 Tenn. App., 449, 124 S. W. (2d), 33, and other cases in which petitions for writs of *certiorari* were denied by this court. There are very few decisions holding to the contrary.

As to the right of counsel to interrogate jurors upon the question under consideration, the court cannot formulate a definite and inflexible rule since each case must be dealt with upon its own facts.

This court has also denied petition for writs of *certiorari* where counsel for the original plaintiffs, in personal injury cases, assigned errors on the failure of the trial court to permit them to interrogate prospective jurors as to their interest in, or connection with, liability insurance companies. It is the duty of this court, in either event, to affirm the trial court unless convinced that in permitting or denying counsel such privilege the party complaining has been prejudiced. The question as to the good faith of plaintiff's counsel in testing proposed jurors as to their qualifications in such cases is one to be determined by the trial court in each case coming before him. This privilege should not be granted unless the court is satisfied that good reasons exist for making such inquiry. A very large discretion is vested in the trial court with regard to permitting such examination, which discretion should be exercised in a manner that will avoid doing either party an injury; and the conclusions of the trial court will not be reversed by this court unless it affirmatively appears that the complaining party has been prejudiced thereby. Code, section 10654.

█ Finally, it is argued that the action of the jurors in discussing liability insurance was prejudicial and constitutes reversible error. Upon this question the Court of Appeals in its opinion said: "We think it improper for the jury to discuss insurance and to speculate as to whether the defendant had any insurance; but each juror was examined in open court on this question, when the court was considering the motion for a new trial, and the trial court was of the opinion that the conversation

of the jurors did not affect their verdict, and we agree with him. The most that can be said is that after the jury had discussed the case and had arrived at their verdict some of the jurors referred to insurance and said the insurance company would have to pay it, to which one of the jurors replied that it was improper to discuss liability insurance, and further stated that they could not consider that question. None of the jurors knew how much insurance he had, or whether he in fact had insurance. The jurors did not consider the insurance question in arriving at their verdict; hence we think this assignment should be overruled. *Harbin* v. *Elam,* 1 Tenn. App., 496, 499; *Bourne* v. *Barlar,* 17 Tenn. App., 375, 378, 67 S. W. (2d), 751.''

This finding of fact by the Court of Appeals is not questioned by an assignment of error, and upon such finding it cannot be plausibly argued that the verdict was affected by the remarks of the jurors as to liability insurance.

Finding no reversible error in the record, it results that the petition for writ of *certiorari* will be denied.