MILDRED LaFONT and B. M. WALDEN, Respondents,

*v.*

CONNIE ROBINSON, Petitioner.

(*Jackson,* April Term, 1957.)

Opinion filed June 6, 1958.

VAN DYKE & DUNLAP, Paris, OWENS & McLAIN, Memphis, for petitioner.

PEELER & HOLLIS, Camden, SAM C. NAILLING, Union City, for B. M. Walden.

HEATHCOCK, ELAM & CLOYS, Union City, for Mildred H. LaFont, respondents.

MR. JUSTICE TOMLINSON delivered the opinion of the Court.

Mrs. LaFont has filed a petition to rehear. Therein she points out that in her assignments of error, brief and argument in the Court of Appeals she assigned as error (1) the failure of the Trial Court to give in charge certain requests she made and (2) the giving in charge of an erroneous instruction. The Court of Appeals pretermitted these particular assignments of error of Mrs. LaFont because it sustained her assignment of error to the effect that the Court erred in not directing a verdict in her favor.

The insistence made by the petition to rehear is that when this Court reversed the action of the Court of Appeals and reinstated the judgment against Mrs. LaFont "it was thereupon incumbent upon" this Court to consider the above mentioned assignments of error made by Mrs. LaFont in the Court of Appeals.

Mrs. LaFont filed no petition for *certiorari*. Nor did she assign errors in this Court upon such alleged erroneous action or non-action of the Court of Appeals with respect to these assignments of error which the Court of Appeals pretermitted.

By Chapter 100 of the Acts of 1925, Code Section 27-819, parties were given the right to seek a review of a case finally decided in the Court of Appeals upon a sworn petition for *certiorari* accompanied by assignments of error, etc.

Thereafter the question made in Mrs. LaFont's petition was presented this Court in *Independent Life Insurance Co. v. Hunter*, 166 Tenn. 498, 506, 63 S.W.2d 668, 671. The ruling of this Court was as follows:

"Errors were also assigned in the Court of Appeals with respect to the charge and with respect to other

matters occurring on the trial below. The Court of Appeals, however, considered only the defense of absolute privilege and dismissed the suit on that ground alone. The court did not notice any other point made by the Independent Life Insurance Company and that company has filed no petition for *certiorari* to review the action of the Court of Appeals.

"If there is one thing well settled in our practice, it is that no error of the Court of Appeals, either of commission or omission, can be reviewed by this court except upon petition for *certiorari*. The erroneous pretermission of material questions by that court must be brought up in the same way that the erroneous disposition of such points is brought up to permit a review by this court. This follows from the language of the statutes which created the Court of Civil Appeals and the Court of Appeals."

See also *Rose v. Brown,* 176 Tenn. 429, 143 S.W.2d 303, and *Barretville Bank & Trust Co. v. Bolton,* 182 Tenn. 364, 377, 187 S.W.2d 306.

Therefore, the foregoing decisions are conclusive against the authority of this Court to consider the aforementioned assignments of error made by Mrs. LaFont in the Court of Appeals unless Code Section 27-823 has removed such disability upon the part of this Court.

Code Section 27-823 is the codification of the 1947 Act providing as follows:

"The respondent to such petition for writ of *certiorari* shall not be required, in order to save points of fact or law which were available to said respondent in the Court of Appeals, to file a petition for writ of

*certiorari,* but may save the same either by filing petition for writ of *certiorari* as above provided or by assigning errors upon such *action or nonaction of the Court of Appeals* with respect thereto as is deemed prejudicial; and such assignments of error and brief in support thereof, conforming with such rules as the Supreme Court may prescribe, shall be filed prior to the expiration of twenty (20) days after said petition of the other or another party is granted, but the Supreme Court, or any of the judges thereof, upon application, may extend such time for an additional period not to exceed thirty (30) days after said petition is granted." (Emphasis supplied.)

Mrs. LaFont did not any time after the granting of petition for *certiorari* assign or seek to assign error upon the alleged erroneous action of the Court of Appeals in pretermitting aforementioned assignments of error made by Mrs. LaFont in that Court.

It follows that this Court is without authority to review the action of the Court of Appeals in pretermitting the assignments of error in question.

The petition to rehear is denied.