EARNEST CRUTCHER, CARRIE POLLARD, MARSHALL WATKINS and WIFE MARY WATKINS, Plaintiffs in Error. v. LARRY H. DAVENPORT, Defendant in Error.—401 S.W. (2d) 786.

Western Section. April 27, 1965.

Certiorari Denied by Supreme Court October 18, 1965.

Benjamin T. Wages and Leonard V. Hughes, Jr., Memphis, for plaintiffs in error.

Edward W. Kuhn, Memphis, McDonald, Kuhn, McDonald, Crenshaw & Smith, Memphis, of counsel, for defendant in error.

BEJACH, J.  In this cause, Earnest Crutcher, Carrie Pollard, Marshall Watkins and Mary Watkins, his wife, who were plaintiffs in the lower court, appeal in error from judgments in their favor against the defendant, Larry H. Davenport, claiming that although the judgments recovered in the lower court were in their favor, said judgments were so grossly inadequate as to warrant a reversal and granting of a new trial. Earnest Crutcher and Carrie Pollard filed separate declarations, and Marshall Watkins and wife filed a joint declaration and an amended declaration. All of said causes of action were, however, tried together; and all of said plaintiffs join in one appeal in the nature of a writ of error.

Plaintiffs have filed two assignments of error in this Court, but both raise the same question, viz., the alleged inadequacy of the verdicts and judgments based thereon.

The claims of all four plaintiffs arose out of the same accident, which occurred at about 10:30 A.M., July 10, 1963, at the corner of Dunlap Street and Madison Avenue in Memphis, Tennessee. The plaintiffs were riding in an automobile driven by Earnest Crutcher southwardly on Dunlap Street. As they approached the intersection of Dunlap Street with Madison Avenue, the traffic light at that intersection turned from green to amber, and then to red, causing Earnest Crutcher to stop his automobile. After he had stopped, he was struck from the rear by another automobile driven by the defendant, Larry

Davenport. All four of the occupants of the automobile driven by Earnest Crutcher claimed to have sustained whiplash injuries or sacroilias injuries, of which injuries there were little or no objective symptoms. Each of the four was treated by Dr. I. Ralph Goldman, and Carrie Pollard was also treated by Dr. Rochelle. Earnest Crutcher had medical bills in the amount of $107.00, Carrie Pollard in the amount of $174.00, Marshall Watkins and Mary Watkins, together, in the amount of $313.00.

At the trial of the cause, counsel for defendant conceded liability. The trial judge thereupon granted peremptory instructions to the jury for plaintiffs and left for the jury merely the question of fixing the amount of damages sustained by each of the plaintiffs. The jury returned a verdict in favor of Earnest Crutcher for $107.00, for Carrie Pollard in the amount of $174.00, and for Marshall Watkins and Mary Watkins, his wife, a total of $313.00, said sums being the exact total of medical bills of said plaintiffs. Judgments were entered in favor of plaintiffs for the amounts of their verdicts, after which motions for new trial were made by them, which motions were overruled. Plaintiffs then prayed and have perfected their appeals in error to this Court.

As stated above, the sole question for determination in this Court is whether or not said judgments should be reversed, because of inadequacy of amount, and new trials granted.

■ The amount of a verdict is primarily for the jury to determine. Potter v. Shute, 7 Tenn.App. 222; Lunn v. Ealy, 176 Tenn. 374, 141 S.W.(2d) 893; Reeves v. Catignani, 157 Tenn. 173, 7 S.W.(2d) 38; Power Packing Co. v. Borum, 8 Tenn.App. 162; Union Traction Co. v.

Todd, 16 Tenn. App. 200, 64 S.W.(2d) 26; Olins v. Schacket, 31 Tenn.App. 346, 215 S.W.(2d) 18; Harrison v. Southern Ry. Co., 31 Tenn.App. 377, 215 S.W.(2d) 31; Saucier v. Roberts, 2 Tenn.App. 211.

■ If it does not appear from the evidence that the verdict of the jury was influenced by prejudice, passion or caprice, or other improper influence, the award of the jury will not be reviewed by the appellate court. City of Clarksville v. Deason, 9 Tenn.App. 274; Tennessee Coal & R. R. Co. v. Roddy, 85 Tenn. 400, 5 S.W. 286; American Lead Pencil Co. v. Davis, 108 Tenn. 251, 66 S.W. 1129; Packet Co. v. Hobbs, 105 Tenn. 30, 58 S.W. 278. The following rule was announced by Judge Lurton in the case of Tennessee Coal & R. R. Co. v. Roddy:

"The rule of this court, that it will not disturb the verdict of a jury upon facts fairly submitted to them upon a correct charge, unless there is a great preponderance of evidence against the verdict, is based very largely upon the fact that a different rule governs the circuit judge in considering motions for new trials. The court attaches great weight to the fact that the circuit judge, having seen and heard the witnesses testify, and having submitted the case to a jury known to himself, has stamped the verdict with his approval by refusing to grant a new trial. Much of the importance and weight attached to jury trials proceeds from the presumption that an intelligent and learned circuit judge, accustomed to weighing evidence, has scrutinized the proof, looked into the faces of the witnesses, and indorsed the action of the jury. The integrity and value of jury trial will largely disappear, if circuit judges shall endeavor to avoid the duty imposed upon them by law in this regard. If he is dissatisfied with the

verdict, he ought to set it aside; and this court has held that, where this dissatisfaction appears in the record, this court will do what he ought to have done,—grant a new trial. England v. Burt, 4 Humph. 399; Jones v. Jennings, 10 Humph. 428; Nailing v. Nailing, 2 Sneed, 630; Vaulx v. Herman, 8 Lea, 687." Tennessee Coal and Railroad Co. v. Roddy, 85 Tenn. 403, 5 S.W. 288.

■ We are aware that the appellate courts of this state have in some instances granted reversals and new trials because of inadequacy of verdicts. Among such cases are: Kent v. Freeman, 48 Tenn.App. 218, 345 S.W.(2d) 252; Flexer v. Crawley, 37 Tenn.App. 639, 269 S.W.(2d) 598; Board of Mayor and Aldermen of Covington v. Moore, 33 Tenn.App. 561, 232 S.W.(2d) 410; and W. T. Grant Co. v. Tanner, 170 Tenn. 451, 95 S.W.(2d) 926, 20 A.L.R. (2d) 276. The facts of the instant case are however, different from all of those cases in which such reversals were granted. After a careful reading of the record in the instant case, we have reached the conclusion that the jury must have decided that the plaintiffs were injured only slightly, if at all, and that verdicts for the defendants might have been returned but for the concession of liability. This view is borne out by the circumstance that the trial judge who heard the witnesses testify and saw, as did the jury, their attitude and demeanor on the witness stand, approved the verdicts. In view of the concession of liability, by counsel for defendant, the jury did not have to consider the question of remote contributory negligence, or even direct contributory negligence, so it must have been that the jury simply did not believe the testimony of plaintiffs. We cannot say that they erred in so doing. No exception was taken to the charge of the trial judge, and his charge is not included in the record before us.

Our conclusion is that both of the assignments of error filed on behalf of plaintiffs must be overruled. The judgment of the lower court will be affirmed. The costs of the appeal will be adjudged against the plaintiffs.

Avery, P.J.(W.S), and Carney, J., concur.