Juanita KARAS, Plaintiff-Cross
Defendant-Appellant,

v.

Kathleen THORNE, Defendant-Cross
Plaintiff-Appellee,

v.

Inez WHEATLEY, Cross Defendant-Cross
Plaintiff-Appellee.

Court of Appeals of Tennessee,
Western Section.

Aug. 27, 1975.

Certiorari Denied by Supreme Court
Dec. 30, 1975.

Charles S. Kelly, Dyersburg, for appellant.

Elam, Glasgow, Tanner & Acree, Union City, Homer Bradberry, Dresden, for appellees.

MATHERNE, Judge.

In this personal injury lawsuit the plaintiff appeals from a jury verdict and judg-

ment entered thereon in her favor in an amount less than proven medical expenses. The assignments of error are not clearly stated, but we assume the plaintiff insists: (1) the jury, having found liability in the defendant, had to award the plaintiff some amount for pain and suffering; (2) the jury discounted unrebutted evidence of medical expenses; and (3) the trial judge should have granted an additur or a new trial.

## I.

The lawsuit involves an automobile collision wherein the plaintiff Karas was driving the Wheatley automobile which collided with the automobile owned and driven by the defendant Thorne. The defendant Thorne answered and counterclaimed against Karas and filed a cross-complaint against Wheatley. Whereupon Wheatley filed an answer and counterclaimed against the defendant and cross-plaintiff Thorne.

The jury rendered a verdict in favor of Karas against Thorne for $200 as damages for personal injuries, and in favor of Wheatley against Thorne for $227.47 as property damage. In the case of Thorne against Karas and Wheatley the jury held for the defendants.

Property damage to the Wheatley vehicle was the exact amount of the verdict, $227.47. The plaintiff Karas proved medical expenses of $752.43, and she testified she had an actual loss of wages of $4,000.

## II.

The accident occurred on November 27, 1972, at the intersection of University Avenue with Lovelace Street in the city of Martin, Tennessee. The intersection is controlled by an electrical traffic signal. The plaintiff was traveling west on University and the defendant south on Lovelace. Each party claims the traffic signal gave her the green signal at the time of entry into the intersection. The front grill of the Thorne vehicle struck the right rear corner of the Karas vehicle.

The plaintiff Karas claims she was driving 10 to 15 miles per hour at the time, but she varied that testimony somewhat in her pre-trial discovery deposition. The defendant Thorne stated the plaintiff was driving at a high rate of speed, and immediately after the collision made the statement that her brakes did not hold. The plaintiff denied the statement.

Three days after the accident the plaintiff saw a Dr. Phillips, who gave her some medication and told her to go back to work. The plaintiff worked at a laundromat, and she did return to work but stated she could not continue to work after about January 2, 1973. She stated she tried to work as a waitress, but could not hold up physically. The plaintiff claims loss of earnings of $50.00 per week for 30 months, or $4,000.

The plaintiff saw Dr. Barnett, an orthopedic surgeon of Jackson, Tennessee, on January 2, 1973. Dr. Barnett gave her drugs for pain, drugs for a menopausal condition, prescribed a shoulder brace, a lower back corset and a collar for the cervical area. Dr. Barnett stated the plaintiff suffered pain, and on the issue of permanency of the injury testified: "I felt that she had aggravated an arthritic condition in her neck which would cause a permanent condition and give her some pain and discomfort for a rather indefinite period of time." Dr. Barnett had seen the plaintiff 21 times, and she was still under his care at the date of trial.

After the accident, on a date the plaintiff did not remember, the plaintiff married and moved to Gary, Indiana. She separated from her husband on January 3, 1974, and returned to Tennessee shortly thereafter. It seems the plaintiff makes regular or frequent trips to Chicago to see a doctor about some physical ailment unrelated to the accident.

## III.

There is no fixed rule in this state that the amount of damages awarded in a personal injury lawsuit must equal or ex-

ceed the proven medical expenses incurred. In *Flexer v. Crawley,* 37 Tenn.App. 639, 269 S.W.2d 598 (1953), the Court quoted a statement from 20 A.L.R.2d 276, wherein the annotator commented: "Cases in which the damages awarded, in a personal injury action, amounted to even less than the amount of plaintiff's undisputed medical expenses are not within the scope of this annotation, it being obvious that such verdict is inadequate." We note, however, the Court in *Flexer* did not reach its decision based upon an application of the above statement as the law governing the case.

This Court in *Flexer* applied the established rule in this state that when the issue, in a personal injury lawsuit, is the inadequacy of the verdict, this court will weigh the evidence, not to determine the mere preponderance, but to determine whether the evidence so greatly preponderates against the amount awarded as to show passion, prejudice or unaccountable caprice on the part of the jury. *Kent v. Freeman,* 48 Tenn.App. 218, 345 S.W.2d 252 (1960). This Court will also reverse if from the proof the compensation awarded is so grossly inadequate, and so disproportionate to the injury sustained as to shock the conscience of the court. *Transports, Inc. v. Perry,* 220 Tenn. 57, 414 S.W.2d 1 (1967). See also: *McCullough v. Johnson Freight Lines,* 202 Tenn., 596, 308 S.W.2d 387 (1957); *Smith v. Uffelman* (Tenn.App.1973), 509 S.W.2d 229. Each appeal presents its own factual situation to be decided by the court under the rules above stated, plus the rule the amount of damages to be awarded is primarily a question for the jury and a jury verdict approved by the trial judge is entitled to great weight in this Court. *Lunn v. Ealy* (Tenn.1940), 141 S.W.2d 893; *Reeves v. Catignani,* 157 Tenn. 173, 7 S.W.2d 38 (1928).

In *Crutcher v. Davenport,* 55 Tenn.App. 413, 401 S.W.2d 786 (1965), this Court, opinion by Judge Bejach, followed the rules above announced and under the record refused to hold as inadequate a verdict, approved by the trial judge, in the exact amount of proven medical bills. And, in *Crutcher* the Court observed the defendants admitted liability in open court, and there was no issue of remote contributory negligence before the jury.

The case cannot be cited as authority, but this Court in *Jones et al. v. Smith,* opinion filed at Jackson on January 23, 1975, no petition for certiorari, held the amount of the verdict in a personal injury lawsuit need not at least equal proven medical expenses.

IV.

The fact a given amount is proven as undisputed medical expenses does not prove those expenses were necessary. The jury has the duty to weigh the testimony and to give to each witness that degree of credibility it deems proper. When that credibility is established and reflected in a verdict which is approved by the trial judge, appellate courts must give great weight to the decision.

From the entire record we hold the jury could have well concluded the plaintiff was not injured to the extent she claimed. The jury could have found the plaintiff guilty of remote contributory negligence, and thus reduced the amount of the verdict.

We therefore conclude, from a review of the entire record, the verdict for the plaintiff is not so inadequate as to show passion, prejudice or unaccountable caprice on the part of the jury, nor is the verdict so grossly inadequate as to shock the conscience of the court. Absent a finding of inadequacy to such an extent as stated by one or both of the above rules, we have no authority to

impose our will over that of the jury and the trial judge, as to the amount of the verdict.

It results all assignments of error are overruled and the judgment of the trial court is affirmed. The cost of this appeal is adjudged against the plaintiff-appellant Karas.

CARNEY, P. J., and NEARN, J., concur.