# IN THE COURT OF APPEALS OF TENNESSEE
## AT NASHVILLE
March 6, 2001 Session

## JANICE F. ROBERTS v. STEVIE D. DAVIS, ET AL.

**A Direct Appeal from the Circuit Court for Davidson County.**
**No. 96C-1856 The Honorable Walter Kurtz, Judge.**

**No. M2000-01974-COA-R3-CV - Filed August 7, 2001**

---

On May 17, 1995, Plaintiff Janice Roberts and her husband Max Nichols were involved in an automobile accident with the Defendant Food Lion, Inc. and their driver Stevie D. Davis. The accident occurred on Interstate 24. Plaintiff Roberts sued the Defendants in the Circuit Court of Davidson County seeking a recovery of $270,000 for injuries and various amounts of damages she sustained as a result of the accident. A bench trial was held on May 1, 2000. On May 4, 2000 the trial court by Memorandum and Order found that Plaintiff Roberts was entitled to recover $25,000 for reasonable and necessary medical expenses, pain and suffering and loss of enjoyment of life, and for some diminution in earning capacity. On June 2, 2000 Plaintiff Roberts filed a motion for new trial, which was subsequently denied by the trial court on July 7, 2000. This appeal followed. Plaintiff Roberts insists that the trial court erred in not granting a motion for continuance; not allowing the deposition testimony of a witness; in its award of damages; and by not allocating monies for future medical expenses.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

DON R. ASH, SP. J., delivered the opinion of the court, in which FARMER, J., and HIGHERS, J joined.

Bill Hodde and Bruce Kessler, Madison, Tennessee, for the appellant, Janice F. Roberts.

Jonathan Cole and Sandi L. Pack, Nashville, Tennessee, for the appellees, Stevie D. Davis and Food Lion, Inc.

### OPINION

I.

In order to put this transaction into perspective, some background information will assist in the process. On May 17, 1995, appellant Janice F. Roberts ("Ms. Roberts") was involved in an automobile accident on Interstate 24. Ms. Robert's automobile was struck in the rear by the appellee Stevie D. Davis ("Mr. Davis"). Mr. Davis was driving a semi-tractor owned by Food Lion. Both parties were traveling in the same direction when the accident occurred. The impact

of the collision caused Ms. Robert's vehicle to travel several feet before coming to rest on the median. Ms. Roberts was able to exit the car under her own control, however, upon the urging of medical personnel, she was transported to Vanderbilt Medical Center ("Vanderbilt"). Ms. Roberts spent several hours at the hospital where she was examined and x-rayed. Vanderbilt noted no evidence of serious head injuries and released her.

Soon after the accident, Ms. Roberts consulted her chiropractor, Dr. Chris Banning ("Dr. Banning"), concerning her injuries. Ms. Roberts had been seeing Dr. Banning on a regular basis prior to the accident. Dr. Banning treated Ms. Roberts for a year and a half before referring her to Dr. Anderson, a neurologist, for further testing. Dr. Anderson conducted several tests and analysis of Ms. Roberts. Dr. Anderson continued to treat Ms. Roberts for roughly two and a half years before referring her to a neuropsychologist, Dr. Jim Olson. Dr. Olson specializes in managing chronic pain. However, during this time, Ms. Roberts was involved in a subsequent accident involving another tractor-trailer on September 25, 1997. There is existing litigation in Rutherford County regarding that matter.

On May 1, 2000, the Honorable Judge Walter Kurtz held a bench trial concerning the accident. Following a portion of the proof, Ms. Roberts intended to call Dr. Olson as a witness to testify on her behalf. Ms. Roberts and her counsel were unable to locate him. Subsequently, Ms. Roberts asked the court for a recess and the recess was granted. Following the recess and the remainder of the trial, Ms. Roberts was not able to produce Dr. Olson. At that point, Ms. Roberts moved to include Dr. Olson's deposition into the record as an exhibit. The trial court denied Ms. Robert's motion to admit the deposition because Ms. Roberts could not produce a copy of the return summons delineating there had in fact been on service on Dr. Olson. On May 4, 2000, Judge Kurtz awarded Ms. Roberts a judgment of $25,000 for reasonable and necessary medical expenses, pain and suffering and loss of enjoyment of life, and for diminution in earning capacity by means of a Memorandum and Order. Ms. Roberts later filed this appeal.

The issues before the Court regarding this appeal are as follows:

(1) whether the trial court erred in denying Ms. Robert's motion for a continuance based upon the absence of a witness;

(2) whether the trial court erred in refusing to consider Dr. Olson's deposition testimony;

(3) whether the trial court erred in awarding Ms. Robert's a judgment of less than her reasonable and necessary medical expenses; and

(4) whether the trial court erred failing to compensate Ms. Roberts for future medical expenses.

II.

The first issue to consider is whether the trial court erred in denying Ms. Robert's motion for a continuance. A motion for continuance lies within the sound discretion of the trial judge. **State v. Hines**, 919 S.W.2d 573, 579 (Tenn. 1995). In order to show an abuse of discretion, it must be reasonably concluded that a different result would have occurred had the continuance been granted. **Id.** In determining whether there was an abuse of discretion, Ms. Roberts must show that she was prejudiced by the fact the continuance was not granted. The root of this issue hinges on the facts concerning the subpoena of Dr. Olson and his absence at the bench trial on May 1, 2000.

When dealing with service of process, we must first look to the controlling authority delineated by the Tennessee Rule of Civil Procedure 45.03, which provides:

A subpoena may be served by any person authorized to serve process,
or the witness may acknowledge service in writing on the subpoena.
Service of subpoena shall be made by delivering or offering to deliver
a copy thereof to the person to whom it is directed.

The subpoena was issued on April 14, 2000 and stamped filed by the Davidson County Circuit Court Clerk's Office on April 17, 2000. The record indicates that Gene Wilkerson of the Davidson County Sheriff's Department served Dr. Olson with the subpoena on April 21, 2000. The subpoena required Dr. Olson's attendance at 8:30 a.m. on May 1, 2000. Clearly, Ms. Robert's complied with this Rule. Ms. Robert's attorney improperly relies on the Davidson County Local Rule 9 of the Rules of Practice in Juvenile Court to state his position.

In this case, the proper local rule to follow is Davidson County Local Rule 27.05 (b), which provides:

(b) Absence of a witness will not be cause for a continuance unless the subpoena has been issued and dated ten days prior to a trial for a local witness and 14 days for an out of county witness, pursuant to Local Rule 28.02.

The record indicates that Ms. Roberts could not communicate or present evidence to the trial court that in fact a subpoena had been issued for Dr. Olson. It is important for this Court to revisit the transaction that took place during the bench trial on May 1, 2000. The record points out the colloquy between the trial court and Ms. Robert's attorney, Mr. Hodde:

The Court: You indicated that subpoena was mailed to him. I'm not aware that it complies with the statute on subpoenas. In fact there is a specific statute that deals with service of process by an attorney or the attorney's agent, sometimes paralegal, law clerk, or investigator, but my recollection is that requires that the subpoena be personally served on the prospective witness. I know for example I can't hold a witness in

3

contempt for failure to appear unless they have been served consistent with the statute.

Mr. Hodde: It may be moot if I can't find the subpoena anyway, but I'm of the opinion that we subpoenaed him by mail. I find neither subpoena nor Dr. Olson. He is retired. He obviously lives within a hundred miles, but I believe under subpoena if you have the court file and it doesn't show he has been subpoenaed, then he has not.

The Court: Rule 43.05, service of the subpoena shall be made by delivering or offering to deliver a copy thereof to the person whom it is directed, and it comments this rule requires personal service upon a witness unlike the prior practice authorizing leaving a copy of the subpoena at the usual place of residence.

Mr. Hodde: Your Honor, I have nothing further to add to that. If we didn't serve him through the Davidson County sheriff's office and there is no return summons in the file, he is simply not here.

The Court: Then the proof is closed.

Following this trial, Ms. Robert's attorney later found out that his firm did serve Dr. Olson via the Davidson County Sheriff's Department and in compliance with Rule 43.05. However, when asked in open court regarding the manner of service, Ms. Robert's attorney was under the impression Dr. Olson was served by mail. At one point he conceded that Dr. Olson might not have been served at all. Ms. Robert's attorney also relies on the fact that the trial court had the subpoena at its disposal in the record. Regardless whether the trial court has the record at its disposal or not, it is the obligation of the movant to be adequately prepared and present to the court the pertinent proof.

There was nothing keeping Ms. Robert's attorney from checking the record himself or checking the with the Davidson County Circuit Clerk's office for a copy of the subpoena. The trial court gave the parties a long lunch break, which gave Ms. Robert's attorney the opportunity to locate Dr. Olson or make alternative plans concerning the case. There is no controlling authority that requires judges to become investigators. Ms. Roberts was given ample opportunity to present a copy of the subpoena to the court, however no copy was found or presented to the court for review. Judge Kurtz had no other choice but to deny the request for a continuance based on the representations made by Ms. Robert's attorney, Mr. Hodde. We are not persuaded by the notion that Judge Kurtz abused his discretion when he denied the continuance.

III.

Ms. Roberts argues the trial court erred in denying the admission of Dr. Olson's deposition following its refusal to grant the motion for a continuance based on Dr. Olson's nonappearance for the bench trial. Ms. Roberts makes the argument that deposition is

4

admissible under the Tennessee Rules of Evidence 804(a)(5) and Tennessee Rule of Civil Procedure 32.01. We will consider Rule 804(a)(5) first. Rule 804 provides for certain exceptions to the hearsay exclusionary rule when a witness is "unavailable." Unavailability is defined at subsection (a)(5) as including situations in which the declarant "is absent from the hearing and the proponent of a statement has been unable to procure the declarant's attendance by process."

Similarly, Rule 32.01 provides, in pertinent part, as follows:

> At a trial or upon the hearing of a motion or an interlocutory proceeding, any part or all of a deposition, so far as admissible under the rules of evidence applied as though the witness were then present and testifying, may be used against any party who was present or represented at the taking of the deposition or who had reasonable notice thereof, in accordance with any of the following provisions:
>
> ***
>
> (3) The deposition of a witness, whether or not a party, may be used by any party for any purpose if the court finds:…(D) that the party offering the deposition has been unable to procure the attendance of the witness by subpoena or the witness is exempt from subpoena to trial under T.C.A. § 24-9-101; or (E) upon application and notice, that such exceptional circumstances exist as to make it desirable, in the interest of justice and with due regard to the importance of presenting the testimony of witness orally in open court, to allow the deposition to be used. Not withstanding the foregoing provisions, depositions of experts taken pursuant to the provisions of Rule 26.02(4) may not be used at the trial except to impeach in accordance with the provisions of Rule 32.01(1).

In this case, Ms. Roberts failed to establish the conditions set forth in both Rule 804 (a)(5) and 32.01. The record indicates that the trial court questioned Ms. Robert's attorney on the admissibility of the deposition as it relates to Rule 32. Ms. Robert's attorney could not articulate to the court whether there was a subpoena issued for Dr. Olson or how the deposition would be admissible. The trial court had no other option but to deny the deposition into evidence during the proof portion of the trial. In addition, Ms. Robert's attorney failed to make an offer of proof pursuant to Tennessee Rule of Evidence 103(a)(2), which was certainly a viable option for him. See Tennessee Rule of Evidence 103(a)(2). Thus, we find that the trial court properly denied the deposition of Dr. Olson.

IV.

The third issue concerns whether the trial court erred in awarding Ms. Roberts an amount less than her proven medical expenses. The applicable standard of review for cases involving

5

damages is *de novo* upon the record of the trial court, accompanied by a presumption of correctness of the finding unless evidence preponderates otherwise. Tenn. R. App. Proc. 13(d); **Cross v. City of Memphis**, 20 S.W.3d 642, 643 (Tenn. 2000). Damages in personal injury cases are not measured by "fixed rules of law, but rests largely in the discretion of the trier of fact and is entitled to great weight in the appellate courts in the absence of a showing of fraud or corruption." **Coakley v. Daniels**, 840 S.W.2d 367, 372 (Tenn. Ct. App. 1992). A plaintiff is entitled to recover for reasonable and necessary medical expenses acquired during the treatment of the injury. **Hogan v. Reese**, 1998 WL 430627 *6-7 (Tenn. Ct. App. 1998). Since there are no "fixed rules of law" requiring damages to be equal to or exceed the proven medical expenses, the fact that a given amount is proven as undisputed medical expenses does not prove those expenses were necessary. **Karas v. Thorne**, 531 S.W.2d 315, 316-17 (Tenn. Ct. App. 1975). Furthermore, physicians familiar with the extent and nature of the plaintiff's medical treatment can give an opinion regarding the reasonableness of the physician's services and charges. **Long v. Mattingly**, 797 S.W.2d 889, 893 (Tenn. Ct. App. 1990). The appellate court will not reverse the trial court unless there is a finding that the award of damages shows prejudice or is so grossly inadequate as to shock the conscience of the court. **Id.** at 317-18.

In the instant case, the trial court awarded Ms. Roberts a judgment in the amount of $25,000 for damages sustained as a consequence to the accident that occurred on May 17, 1995. Ms. Roberts offered testimony from a number of doctors who claimed her medical expenses exceeded $30,000. Dr. James P. Anderson testified Ms. Roberts incurred a minimum of $31,986.85 in reasonable and necessary medical expenses related to the 1995 accident. Further, the testimony of Dr. Leon Ensalada indicated Ms. Robert's reasonable and necessary medical expenses totaled $31,903.85. Similarly, Dr. Richard Lisella, Food Lion's expert, confirmed that $31,903.85 in medical expenses was reasonable and necessary.

The injuries resulting from the accident involved soreness in her neck and headaches. The record indicates Ms. Robert's injuries subsided substantially a "couple of months" after the accident. Her subsequent injury in September of 1997 complicates this determination. Ms. Roberts has received extensive medical treatment and further expenses for several years following the May 17, 1995 accident. In lieu of the September 1997 accident, we are unable to determine whether all of the medical expenses were reasonable and necessary. Food Lion argued that only $8,000 in medical expenses was reasonable and necessary due to her second accident occurring in September of 1997. With the number of questions surrounding the reasonableness of the medical expenses, we are not convinced that the judgment of $25,000 is so grossly inadequate as to shock the conscience of this court. The trial court was given the opportunity to weigh the credibility of the witnesses and the evidence and made a sound determination in the eyes of this court. Accordingly, the trial court did not err in its award of $25,000 to Ms. Roberts.

V.

The last issue before the court is whether the trial court should have awarded future medical expenses to Ms. Roberts. Ms. Roberts did not begin to take Celebrex, a prescribed medication, until after the September 1997 accident. Obviously, this is not attributable to the May 17, 1995 accident and cannot be allocated as future medical expenses. An award of future

medical expenses would be considered a windfall for Ms. Roberts, therefore, the trial court was correct in failing to award future medical expenses.

VI.

Accordingly, the judgment of the trial court is affirmed. Costs on appeal are taxed to the appellant, Janice F. Roberts.

 

 

_____
DON R. ASH, SPECIAL JUDGE