LINDA G. LUALLEN, b/n/f E. R. LUALLEN v.
ALLEN L. BOOHER and CECIL BOOHER.

E. R. LUALLEN v. ALLEN BOOHER and CECIL
BOOHER. —460 S.W.2d 24.

Eastern Section. June 17, 1970.

Certiorari Denied by Supreme Court September 8, 1970.

Hunter, Smith, Davis, Norris, Waddey & Treadway, Kingsport, for appellants.

Ralph H. Noe, Jr., Morristown, for appellees.

COOPER, J. Linda Luallen sued Allen L. Booher and Cecil Booher to recover damages for personal injuries sustained in an automobile accident. Her father, E. R. Luallen, brought a separate suit to recover expenses incurred in providing his daughter with necessary medical treatment, for loss of her services and for damage to his automobile. The jury returned verdicts in favor of the plaintiffs against both defendants—Linda Luallen being awarded $12,000.00, and her father being awarded $3,-000.00. This appeal resulted.

The accident giving rise to these suits occurred July 18, 1968, at about 9:00 A.M., near the intersection of Highway 126 with the Bethel Church Road in Sullivan County, Tennessee. Prior to the collision, the automobiles involved were moving in a westwardly direction at a speed of forty to forty-five miles per hour, with the Luallen automobile in the lead. Though disputed, there is evidence Linda Luallen signalled her intention to make a left turn and brought her automobile to a gradual stop on the highway to permit eastbound traffic to pass. A few seconds later the Booher automobile, which was being driven by Allen Booher, struck the rear of the Luallen automobile. The impact was shown to be severe and that, as the result, Miss Luallen suffered an injury to the soft tissues of the neck and back. Evidence as to the extent

of Miss Luallen's injuries ran the gamut from a slight cervical sprain with no permanent disability to a chronic sprain of the soft tissues of the cervical, thoracic, and lumbar areas of the spine with a resulting permanent partial disability of thirty percent.

With the evidence in this state, the trial judge overruled defendants' motions for a directed verdict and submitted the cases to the jury for decision. Defendants insist this was error, taking the position (1) there is no material evidence to support the jury's verdicts, and (2) that the undisputed evidence shows Linda Luallen to be guilty of gross negligence "in failing to properly signal her intention of turning to the left and in failing to warn Allen L. Booher of her intention to change her course of travel on the highway." We do not agree with either insistence of the defendants.

As reiterated in Osborn v. City of Nashville, 182 Tenn 197, 185 S.W.2d 510:

" 'The question of the defendant's liability lawfully can be withdrawn from the jury and determined by the court as a question of law, when and only when the facts are undisputable, being stipulated, found by the court or jury, or established by evidence that is free from conflict, and when the inference from the facts is so certain that all reasonable men, in the exercise of a fair and impartial judgment, must agree upon it.' "

In the instant case, evidence on the issues of negligence, contributory negligence, proximate cause and damages was in sharp dispute. The resolution of the disputed issues, of necessity, depended upon the credibility of the witnesses, an issue within the jury's province not that of the trial judge or of this court. See

McAmis v. Carlisle, 42 Tenn.App. 195, 300 S.W.2d 59. The jury obviously accepted plaintiff's version of the accident and resulting injuries. Plaintiff's testimony, when considered in the light most favorable to the jury's verdicts as we are required to do, will in our opinion support a finding by the jury that Allen Booher was guilty of negligence which proximately caused the accident in that (1) he failed to keep a reasonable lookout ahead, and (2) failed to have his automobile under reasonable control.

In assignment three, defendants insist the trial judge committed prejudicial error in permitting Dr. C. A. Cawood to testify as to the percentage of permanent disability suffered by the plaintiff. The defendants argue that such evidence, of necessity, was based on surmise and speculation and invaded the province of the jury.

The exact question presented by defendants' assignment of error has not been discussed in a reported opinion of an appellate court of this state, though the percentage method of proving disability has been in vogue in this state, without objection, for some years. However, this court considered the question in Dealers Transit, Inc. et al. v. Calvin C. Smith, decided Dec. 15, 1965, and held that it is proper for a medical expert to state the extent and character of a disability resulting from an injury or occurrence, and to express the opinion that a plaintiff has sustained a percentage of disability in a certain area of the body.

█ Generally the opinion of a medical expert, as that of any other expert witness, is admissible on a subject which is perculiarly a matter of superior knowledge on his part, and his opinion will be of help to the trier of

fact in deciding the issues presented. As pointed out by Mr. Justice Green in National Life and Accident Ins. Co. v. Follett, 168 Tenn. 647, 80 S.W.2d 92, 95, "The true rule * * * is stated in McCravy v. State, 133 Tenn. 358, 368, 181 S.W. 165, 168, and is that: 'Testimony is permissible allowing an expert to state a conclusion or give an opinion on a subject which is peculiarly a matter of superior knowledge on his part, for the reason that the lay mind is not so competent to form an opinion or reach a conclusion. Such expert opinion or conclusion, however, may be permitted only in matters peculiarly within the knowledge of an expert.' "

■ Applying the above rule, the appellate courts of this state have held that an expert may express the opinion that an injury is permanent and that the plaintiff is totally disabled. See Waller v. Skelton, 31 Tenn.App. 103, 212 S.W.2d 690; Principi v. Columbian Mutual Life Ins. Co., 169 Tenn. 276, 84 S.W.2d 587; Mutual Life Ins. Co. of New York v. Moore, 26 Tenn.App. 297, 171 S.W.2d 414. It seems to us to follow logically that an expert should be able to express an opinion as to the percentage of permanent disability under which the plaintiff labors, if less than total. The jury needs aid as much, if not more, in evaluating the effect of an injury in cases where the disability is less than total than it does in cases of total disability. This aid is available only through the expert who is eminently better qualified to evaluate the effect of an injury in limiting the use of a part of the body than is the average juror.

"On the other hand, under the rule that the opinion of an expert on an issue to be decided by the jury may be elicited where such evidence will aid the jury in reaching

a correct solution of the issues, it has been held proper for a medical expert to state the extent and character of a disability resulting from an injury or occurrence, and to express the opinion that a person has sustained a certin percentage of disability in a certain area of the body, or that he has lost a certain percentage of his usefulness as the result of his injuries; and such an expert has been permitted to testify as to whether a person was totally and permanently disabled, particularly where the jury are instructed that the evidence is not binding on them." 32 C.J.S. Evidence sec. 546 (97), pp. 375-376 and cases there cited.

In accord with the above and with our holding in the case of Dealers Transit Co. et al. v. Smith, we find no error in the admission of the testimony of Dr. Cawood that the plaintiff suffered from a thirty percent permanent partial disability.

In the final assignment of error, the defendants insist that the verdicts of the jury were excessive.

"In approaching this question we must bear in mind that the amount of compensation due in personal injury cases cannot be determined with mathematical precision. The amount is primarily for the jury to determine and, it is said, next to the jury the most competent person to pass upon the amount representing fair compensation is the judge who presided at the trial and heard the evidence. Reeves v. Catignani, 157 Tenn. 173, 176, 7 S.W.2d 38. The sphere within which the court on appeal may interfere is in cases where the trial judge has failed to keep the jury within reasonable bounds, his concurrence with the jury being entitled to much weight, City of Nashville v. Brown, 25 Tenn.App. 340, 350, 157 S.W.2d

612." Carman v. Huff, 32 Tenn.App. 687, 227 S.W.2d 780, 786. See also Johnson Freight Lines, Inc. v. Tallent, 53 Tenn.App. 464, 384 S.W.2d 46.

■ To determine if the verdict is within reasonable bounds, it is necessary and proper for this court to take into consideration "the nature and extent of the injuries, the suffering, expenses, diminution of earning capacity, inflation and high cost of living, age, expectancy of life and amount awarded in other similar cases." Monday v. Millsaps, 37 Tenn.App. 371, 264 S.W.2d 6 and numerous cases there cited.

■ On considering the evidence of injury in this case, especially the testimony of Miss Luallen relative to the onslaughts of pain and the limitation of her activities and the testimony of Dr. Cawood that plaintiff suffers from a chronic sprain of the soft tissues of the cervical, thoracic and lumbar areas of the spine with resulting permanent disability, we cannot say the award of $12,-000.00 in damages to Miss Luallen was excessive.

■ Neither do we think the award of damages to Mr. Luallen is outside the bounds of reason. The evidence shows he expended $240.00 in repairing his automobile. Further, he incurred expenses of approximately $1,000.00 in providing medical treatment for his daughter and faces the prospect of incurring additional medical expenses in the future. In addition, the evidence shows that Miss Luallen is the "lady of the house" and that she has been unable to perform the usual household tasks for approximately a year.

Judgments affirmed. Costs incident to the appeal are adjudged against Allen L. Booher and Cecil Booher and their surety.

McAmis, P. J., and Parrott, J., concur.