**Mrs. Gladys LOFTIS and Howell Loftis, Plaintiffs-Appellants,**

v.

**Lelan G. FINCH and Jerry L. Jones, Defendants-Appellees.**

Court of Appeals of Tennessee, Middle Section.

Dec. 1, 1972.

Certiorari Denied by Supreme Court March 5, 1973.

---

Roy A. Miles, Jr., Nashville, for plaintiffs-appellants.

Douglas Fisher, Nashville, for Finch.

Harold E. Collins, Nashville, for Jones.

## OPINION

TODD, Judge.

These consolidated suits arise out of the injury of Mrs. Gladys Loftis while she was a passenger in a vehicle owned by H. B. Jones and operated by his son, Jerry L. Jones. Said vehicle was struck by a vehicle owned by Mrs. Lula Finch and operated by her son, Lelan G. Finch.

Mrs. Loftis sued for personal injuries, medical expenses, lost personal property, and lost earnings. Mr. Howell Loftis, her husband, sued for loss of services of Mrs. Loftis.

The defendants, Lula Finch and H. B. Jones, were dismissed by directed verdicts. No appeal was taken from these actions, hence these two defendants are not before this Court on this appeal.

The jury dismissed Jerry Jones and awarded verdicts against Lelan G. Finch in favor of Mrs. Loftis for $1,500.00 and in favor of Mr. Loftis for $100.00.

The plaintiffs have appealed as to the verdicts in favor of Jerry Jones and as to the amount of the verdicts against Lelan

G. Finch. Defendant, Lelan G. Finch, did not appeal.

There are four assignments of error, of which the second and fourth are as follows:

## II

"The trial Court erred in failing to grant Appellant's motion for a new trial on the grounds that the verdict of the jury was contrary to the weight and preponderance of the evidence.

. . . . . .

## IV

"The trial Court erred in failing to grant Appellant's motion for a new trial on the grounds that the jury found in favor of the defendant, Jerry L. Jones, contrary to the greater weight of evidence which proved him to be concurrently negligent in placing his automobile in a mechanically hazardous condition and failing to keep it in proper repair."

■ An assignment of error that the verdict and judgment are against the weight of the evidence is insufficient in law, since the appellate courts have no power to weigh the evidence in a civil case tried to a jury. McBee v. Williams, 56 Tenn.App. 232, 405 S.W.2d 668 (1966) and authorities cited therein.

The entire argument of appellants attacking the dismissal of the defendant, Jones, is as follows:

"The jury found in favor of the defendant Jones, against the greater weight and preponderance of the evidence. The uncontroverted proof shows that Jones bought the special wheels and installed them on his automobile himself. (B/E p. A-43). By coincidence defendant Finch also had the same type wheels on his automobile and testified that the lugs had loosened and backed off the studs on his car twice. (B/E p. 14 &

15). Jones brought his car to a panic stop, or near stop, in the passing or high-speed lane of traffic, and not on the shoulder or median. (B/E p. A-45 —A-49). Jones drove his automobile in the left-hand lane of the interstate highway in violation of T.C.A. 59-852 (Tr. p. 4)."

■ Even though there might be evidence to support a verdict against defendant Jones, it cannot be said that, as a matter of law, he was guilty of negligence which directly and proximately caused plaintiffs' injuries and damages. Therefore, the question of the negligence, if any, of Jones and its causal relationship to the injuries of plaintiffs was peculiarly within the fact-finding province of the jury.

■ Generally, negligence contributory negligence and proximate cause are issues to be decided by the jury, and can be withdrawn and decided by the Trial Judge only in those cases in which the facts are established by evidence free from conflict and the inferences from said facts are so certain that all reasonable men, in the exercise of free and impartial judgment, must agree upon them. Kandrach v. Chrisman, Tenn.App., 473 S.W.2d 193 (1971).

Neither the assignments of error, nor the argument, nor the record, present any ground for setting aside the verdict of the jury in favor of the defendant, Jones.

The second and fourth assignments of error are respectfully overruled.

The first assignment of error is as follows:

## I

"The trial Court erred in failing to grant her motion to increase the damages awarded her by the jury, they being inadequate to compensate her for her medical expenses and loss of earnings, and allowing nothing for pain and suffering."

The first assignment of error is predicated upon 20–1330, T.C.A., which is as follows:

"20–1330. *Inadequate verdict—Suggestion of additur—Granting new trial —Appeal—*In cases where, *in the opinion of the trial judge* a jury verdict is not adequate to compensate the plaintiff or plaintiffs in compensatory damages or punitive damages, *the trial judge may suggest* an additur in such amount or amounts as he deems proper to the compensatory or punitive damages awarded by the jury, or both such classes of damages, and if such additur is accepted by the defense, it shall then be ordered by the trial judge and become the verdict, and if not accepted, the trial judge shall grant the plaintiff's motion for a new trial because of the inadequacy of the verdict upon proper motion being made by the plaintiff.

"In all jury trials had in civil actions, after the verdict has been rendered, and on motion for a new trial, *when the trial judge is of the opinion that the verdict in favor of a party should be increased,* and an additur is suggested by him on that account, with the proviso that in case the party against whom the verdict has been rendered refuses to make the additur a new trial will be awarded, the party against whom such verdict has been rendered may make such additur under protest, and appeal from the action of the trial judge to the Court of Appeals; and if, the Court of Appeals is of the opinion that the verdict of the jury should not have been increased or that the amount of the additur is improper, but that the judgment of the trial court is correct in all other respects, the case shall be reversed to that extent, and the *Court of Appeals may order remitted all or any part of the additur.* [Acts 1969, ch. 137, § 1; 1970 (Adj. S), ch. 90, § 1.]" (Emphasis supplied.)

■ Where the trial judge has suggested an additur, the foregoing statute au-

thorizes the Court of Appeals to suggest remittitur of all or part of such additur. However, where the trial judge has declined to suggest an additur, the Court of Appeals is not authorized to initiate an additur for the first time on appeal.

In this respect, the additur statute differs from the remittitur statutes (§§ 27–118, 119, T.C.A.) which recognize the authority of the Court of Appeals to initiate remittiturs for the first time on appeal.

■ The trial judge may set aside a verdict on two general grounds; viz., (a) The judge may disagree with the jury as to the weight of the evidence as to liability or amount of damages, or (b) There may be errors of law or other grounds for invalidating the verdict.

■ Except for the statutory power to suggest remittiturs, the Court of Appeals is limited to the consideration of errors of law or other grounds for invalidating the verdict and has no authority to review the action of the trial judge in upholding or setting aside a verdict upon the weight of the evidence. Accordingly, the Court of Appeals has no authority to review the action of a trial judge in refusing to suggest an additur.

The first assignment of error is respectfully overruled.

The third assignment of error is as follows:

### III

"The trial Court erred in failing to grant Appellant's motion for a new trial on the grounds that the jury's verdict was such as to evince extreme passion, prejudice, caprice, partiality or corruption on the part of the jury against the plaintiff."

Plaintiffs insist that the amounts awarded are so disproportionate to the proved damages as to show passion, prejudice, or unaccountable caprice sufficient to invali-

date the verdicts. This insistence requires a review of the evidence·of damages.

There is uncontradicted evidence of the following:

On October 30, 1969, at about 4:30 P.M., the plaintiff, Mrs. Loftis, was riding as a passenger in a vehicle operated by Jerry L. Jones when said vehicle experienced mechanical difficulties and was braked to a stop or very slow speed. The vehicle of the defendant, Finch, overtook and collided violently with the rear end of the Jones vehicle, inflicting extensive damage thereon and causing it to burst into flames. Mrs. Loftis was unconscious for a brief period after which she found herself trapped in the burning vehicle, being unable to open either door. Another motorist, at great risk to himself, broke the glass in the door and pulled plaintiff to safety. Her shoes had become dislodged from her feet which were cut by broken glass as she was removed from danger. Plaintiff's hair was burning, but was extinguished after her removal from the vehicle.

The uncontroverted evidence also shows that plaintiff was transported to a hospital where she was treated for multiple cuts and bruises, and burns on an arm, and was released to her home; that, on November 1, 1969, plaintiff returned to the hospital for X-Rays; that, on November 2, 1969, plaintiff entered a hospital for treatment of intense pain in the back, neck and head; remained in the hospital for five days; that she returned to her home for bed-rest and, for a considerable time, wore a surgical collar as treatment for neck pain.

There is no direct contradiction of plaintiff's testimony that, prior to her injury, she was employed as a secretary at $375.00 per month; that she has been unable to resume said employment because of pain and nervousness; that her present earnings average twenty or twenty-five dollars per week; that her expenses for treatment and replacement of burned and lost property amount to a total of $1,204.96; that her pain and discomfort continued to the day of trial, requiring medication.

Plaintiff's physician testified that she was totally disabled for a period of two months, and retained a permanent partial disability of five percent.

Defendant offered no medical witnesses, but relied only upon the cross examination of plaintiff's physicians, one of whom attributed part of plaintiff's continued complaints to "functional overlay," which expression was explained by the witness who used it as follows:

"A functional overlay is something that is very real to the patient, but is a manifestation on which true organic basis, that is, true pathology, does not bear out the degree, frequently, of the complaints."

The above $1,204.96 medical expenses and property losses, together with two months lost wages of $750.00, make a total of $1,954.96 about which there can be little controversy. Defendant insists that some of the medical expense may have been unnecessary, however there is no direct evidence to impeach the claimed expenses, or to separate that part which is challenged. A plaintiff should not recover for medical expenses which are clearly unnecessary. However, much injustice lurks in the practice of indiscriminately discounting medical expenses because the finder-of-fact "doubts their necessity," or "feels they were unnecessary."

■ In addition to the special damages, supra, of $1,954.96, there are other elements of damage which were apparently ignored by the jury. The horrible ordeal of being trapped in a burning vehicle with clothing and hair ablaze, of being dragged through broken glass, of waiting for an ambulance near a burning automobile, all constitute a frightening experience naturally and necessarily producing mental and emotional distress which merits serious consideration in the estimation of just

compensation. Also deserving of serious consideration is the pain which inevitably accompanies burns, cuts and bruises. The subsequent pain in back, neck and head, the permanent scars on arm from burns, the five percent permanent disability, all were apparently disregarded by the jury. It is true that the jury is authorized to observe and, to some degree, be guided by its own impressions of the seriousness of the plaintiff's complaints. However, this discretion must be exercised within reasonable bounds. Where the plaintiff testifies unequivocally of protracted and intense pain, her family testify to circumstances corroborating her complaint, and her physician sees fit to hospitalize her for it, the jury is hardly authorized to disallow some arbitrary part of the hospital expenses because clinical grounds were not found for part of the complaints.

■ Doctors and the courts are constantly faced with complaints which cannot be fully substantiated by medical science in its present state of advancement. The *degree* of such complaints may be *discounted* by doctors and the courts, but it is unreasonable and capricious to *completely disregard* such complaints where the patient has not been otherwise impeached and substantial origin of the complaint (i. e., severe trauma) is shown by uncontradicted evidence.

■ In the present case, the extreme severity of the collision together with plaintiff's other uncontradicted injuries, furnishes sound causal corroboration of her complaints of pain in back, neck and head. As stated, the duration of said pain may be found to be somewhat less than urged by plaintiff, but it is unrealistic and capricious to refuse to recognize and compensate for pain of some severity and duration as a result of the experience and injuries of plaintiff.

Defendant relies upon Transports, Inc., v. Perry, 220 Tenn. 57, 414 S.W.2d 1 (1967); however, in that case there was substantial evidence that at least some of plaintiff's complaints predated the collision from which she claimed damages; and exploratory surgery demonstrated that the cause of her principal complaint was "a hard bulging mass" which "is known to take a long time to form." Furthermore, the husband of the injured party was awarded $3,000.00 medical expenses, and the injured party was awarded $1,000.00. The cited case is clearly distinguishable from the present case on the facts.

Defendant also cites Finks v. Gillum, 38 Tenn.App. 304, 273 S.W.2d 722 (1954), wherein the *defendant* appealed, alleging *excessiveness* of the verdict. The expressions in the opinion in that case can hardly be of much assistance in the present case wherein the *plaintiffs* appeal because of the *inadequacy* of the verdict. In the cited case, the plaintiff was awarded $6,750.00 for injuries in a "rear end collision."

Defendant cites Wood v. Craig, 57 Tenn.App. 685, 424 S.W.2d 561 (1967) wherein plaintiff was awarded $1,500.00 damages. Her claimed medical expenses were $1,033.13. There was no direct evidence of "short term" wage loss, as in the present case, but "long term" wage loss was claimed because of a difference in total annual earnings. There was evidence of previous injuries which would account for plaintiff's complaints.

Defendant cites Meeks v. Yancey, 43 Tenn.App. 667, 311 S.W.2d 329 (1957), however said case was remanded for retrial because of an error in the charge in regard to pre-existing diseased condition. There was no appreciable damage to either of the vehicles in the collision.

Finally, defendant cites Crutcher v. Davenport, 55 Tenn.App. 413, 401 S.W.2d 786 (1965) wherein this Court states:

"* * * All four of the occupants of the automobile driven by Earnest Crutcher claimed to have sustained whiplash injuries or sacroiliac injuries, of which injuries there were little or no objective symptoms. * * *

\* \* \* \* \* \*

" \* \* \* The jury returned a verdict in favor of Earnest Crutcher for $107.00, for Carrie Pollard in the amount of $174.00, and for Marshall Watkins and Mary Watkins, his wife, a total of $313.-00, said sums being the exact total of medical bills of said plaintiffs. \* \* \*

\* \* \* \* \* \*

"[3] We are aware that the appellate courts of this state have in some instances granted reversals and new trials because of inadequacy of verdicts. Among such cases are: Kent v. Freeman, 48 Tenn.App. 218, 345 S.W.2d 252; Flexer v. Crawley, 37 Tenn.App. 639, 269 S.W.2d 598; Board of Mayor and Aldermen of Covington v. Moore, 33 Tenn.App. 561, 232 S.W.2d 410; and W. T. Grant Co. v. Tanner, 170 Tenn. 451, 95 S.W.2d 926; 20 A.L.R.2d 276. The facts of the instant case are however, different from all of those cases in which such reversals were granted. After a careful reading of the record in the instant case, we have reached the conclusion that the jury must have decided that the plaintiffs were injured only slightly, if at all, and that verdicts for the defendants might have been returned but for the concession of liability. \* \* \* "
55 Tenn.App., pp. 415, 417, 401 S.W.2d p. 787.

In determining if a verdict is within reasonable bounds, it is necessary to consider the nature and extent of the injuries, suffering, expenses, diminution of earning capacity, inflation, high cost of living, age, expectancy of life, and the amounts awarded in similar cases. Luallen v. Booher, Tenn.App., 460 S.W.2d 24 (1970), Monday v. Millsaps, 37 Tenn.App. 371, 264 S.W.2d 6 (1953) and authorities cited therein.

However, the correctness of the amount of damages must, in each case, to a large extent, stand on the facts of the case and be governed thereby. Finks v. Gillum, supra.

The appellate courts have the authority and duty to set aside inadequate verdicts in proper cases. Jenkins v. Hankins 98 Tenn. 545, 41 S.W. 1028 (1897); Chesapeake, O & S.W.R. Co. v. Higgins, 85 Tenn. 620, 4 S.W. 47 (1887); Burckell v. Memphis St. Ry. Co., 2 Tenn. CCA (Higgins) 576 (1911).

Whether it be said that there is no evidence to support the verdict, or that the jury overlooked or ignored uncontroverted evidence, or that the jury acted upon a misconception of the evidence or the law, or that the verdict is so inconsistent or inadequate or both as to indicate the various forms of improper consideration by the jury, this Court is satisfied that justice was not done, and that the verdicts are not consonant with facts shown by the uncontroverted evidence and the law applicable thereto.

The verdict of $1,500.00 in favor of Mrs. Loftis is less than her proven actual damages and ignores substantial mental and physical suffering necessarily and naturally incident to her proven injuries.

As to the verdict of $100.00 in favor of Mr. Loftis, it is undisputed that his wife was severely disabled for at least two months and that her residual disability continued to interfere with her domestic activities for some time thereafter. If only the case of Mr. Loftis were before this Court, it would be more difficult to justify a reversal and remand. However, the verdict of the jury in respect to Mrs. Loftis supports the conclusion that its actions were equally misguided in the case of Mr. Loftis. Furthermore, the remand of both cases will entail little if any more time, effort and expenses than the remand of only one.

The liability of the defendant Lelan G. Finch has been heretofore conclusively adjudged by the jury verdict and said defendant has not appealed therefrom. There is no suggestion of contributory negligence, either proximate or remote. Hence, there is no reason to re-litigate the issue of the liability of Lelan G. Finch.

The verdicts and judgments dismissing the defendant, Jerry L. Jones, are affirmed.

■ The verdicts and judgments in favor of Mrs. Gladys Loftis and Howell Loftis and against Lelan G. Finch are affirmed as to the finding of liability, but reversed as to amount of damages, only; and said causes will be remanded to the Trial Court for trial anew only upon the issues of the amounts of damages to be awarded to the respective plaintiffs. See Gulf Refining Co. v. Frazier, 19 Tenn.App. 76; 83 S.W.2d 285 (1934) and authorities cited therein.

One half of the costs of this appeal will be taxed against the plaintiffs, Mrs. Gladys Loftis and Howell Loftis; and one half of the costs of this appeal will be taxed against the defendant, Lelan G. Finch.

Affirmed in part.

Reversed in part.

Remanded.

SHRIVER, P. J., and PURYEAR, J., concur.