IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE

May 7, 1999 Session

# POLLY L. ANDREWS v. MAURICE J. SALTER

**Appeal from the Circuit Court of Davidson County**
**No. 96-C-2632      Thomas W. Brothers, Judge**

**No. M1998-00953-COA-R3-CV - Filed November 9, 2000**

The defendant's automobile ran into the rear of the plaintiff's car. After the collision, the plaintiff learned that she had sustained a ruptured disk and commenced the underlying action, seeking compensation for both personal injury and property damage. At trial, the court admitted evidence that the plaintiff had been involved two prior accidents within the past ten months. The trial court granted a directed verdict to the plaintiff on the issue of liability for the accident, but left open the question of whether the defendant's actions caused the plaintiff's injuries. The jury awarded the plaintiff $2,500 in damages, notwithstanding the fact that her undisputed medical expenses were substantially higher. The plaintiff appealed, arguing that the admission of the prejudicial and irrelevant evidence of prior accidents was error and that the jury improperly speculated on the cause of her injuries. The evidence of the prior accidents was limited, included no proof of personal injuries, and included no connection between the mere occurrence of these accidents and the plaintiff's injuries. Because the evidence of the prior collisions invited speculation, we reverse.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court**
**Reversed and Remanded**

PATRICIA J. COTTRELL, J., delivered the opinion of the court, in which BEN H. CANTRELL, P.J. M.S. and WILLIAM C. KOCH, JR., J., joined.

Larry L. Roberts and Gena B. Lewis, Nashville, Tennessee, for the appellant, Polly L. Andrews.

David B. Scott and Dianna Baker Shew for the appellee Maurice J. Salter.

## OPINION

In this personal injury and property damage case, Plaintiff Polly L. Andrews appeals a jury verdict awarding her $2,500 in damages, which was only a fraction of the uncontroverted, out-of-pocket medical expenses she incurred.

This case arose from an automobile accident on August 2, 1995. Ms. Andrews was stopped at a red traffic light when Mr. Salter's Grand Am ran into the rear of her Mustang. Although no injuries were reported at the scene of the collision and Ms. Andrews continued on to work, she subsequently experienced pain, sought medical care, and later discovered that she had ruptured a disk in her back. Her back injuries required substantial treatment, including an MRI, two months of physical therapy, cortisone injections, and the use and purchase of a transepidural nerve stimulator which distracts patients from their pain by sending an electric shock to the affected area. After the accident involving Mr. Salter, Ms. Andrews was unable to perform housework and other routine tasks or to pursue recreational activities as she had in the past. Although she missed little work, except for time she was absent for doctor's appointments and treatment, she occasionally had to lie on the floor of an office at work to ease the pain.

Ms. Andrews sued, alleging negligence. She sought damages for both personal injuries and property damage. At trial, she provided evidence that her medical expenses totaled $10,609.19, her lost wages were $425.35, and the estimate to fix her car was $581.42. She also sought damages for pain and suffering and future medical expenses.

After all the proof was presented, the trial judge granted a directed verdict to the plaintiff on the issue of liability for the accident, stating that no reasonable person could conclude otherwise. The court ruled that Mr. Salter was responsible for any damages which may have resulted from the accident. However, the judge stated that the main issues in the case were whether Ms. Andrews' injuries were caused by the accident and, if so, the extent of those injuries. In letting the damages issue go to the jury, the court also noted that the plaintiff had the burden to prove what, if any, injuries she suffered as a result of the accident.

Thus, the issue of the cause, as well as the extent, of Ms. Andrews' injury was left to the jury. Closing arguments dealt primarily with that issue. Defendant's position and argument was that the damage to Ms. Andrews' car was so slight that no visible damage could be discerned from photographs entered into evidence. An impact which caused so little property damage, the argument goes, could not have resulted in the amount of personal injury and medical costs claimed by Ms. Andrews.

Lurking behind this argument, and dealt with directly by Ms. Andrews' attorney in closing, was information which had been conveyed to the jury that Ms. Andrews had been involved in two other automobile accidents within a year prior to the accident caused by Mr. Salter's negligence.

The jury awarded Ms. Andrews only a fraction of her uncontroverted out-of-pocket expenses and, apparently, nothing for pain and suffering. On appeal, Ms. Andrews argues that the jury must have speculated that some portion of her injuries were caused by her prior automobile accidents. The problem with that, she argues, is that there was absolutely no proof that she sustained any injury in the prior accidents. In addition, she asserts that the trial court erred by admitting evidence of the previous automobile accidents because they were irrelevant and prejudicial.

In reviewing the damages award by the jury and approved by the trial court, we are required to apply the material evidence rule. *See* Tenn. R. App. P. 13(d). Appellate review is limited to a determination of whether material evidence can be found in the record that supports the jury's award as being at or above the lower limit of the range of reasonableness, giving full faith and credit to all of the evidence that tends to support that amount. *See Poole v. Kroger Co.*, 604 S.W.2d 52, 54 (Tenn. 1980).

In view of the facts that the jury was confined to the issue of damages and that the defendant did not contest the reasonableness or necessity of the medical expenses incurred by Ms. Andrews after the accident, we must agree with Ms. Andrews that the only conclusion to be drawn from the jury's verdict is that it determined that all her injuries were not caused by the accident involving Mr. Salter. Whether we can affirm the jury's conclusion depends upon the evidence in the record and whether that evidence was properly admitted.

The evidence to which Ms. Andrews objects involves two prior automobile accidents. The first occurred ten months before the accident with Mr. Salter and involved a collision in which the front of Ms. Andrews' car was damaged. That damage had been repaired before the Salter accident. The second occurred just two months before the accident with Mr. Salter. Ms. Andrews' car was hit from the rear in that accident, but, according to Ms. Andrews, sustained no damage, and no repairs had been done.

Prior to trial, Ms. Andrews filed a motion *in limine* seeking to exclude any reference to her involvement in any previous automobile accidents. She argued that because there was no proof that she had sustained any injuries from two prior accidents, the introduction of such evidence would invite unfounded speculation on the part of the jury. The defense argued that at least the most recent prior accident was relevant to the property damage claim and also argued that they should be allowed to introduce those portions of the testifying doctor's deposition regarding her knowledge, or lack thereof, of the prior accidents because such evidence was relevant to the weight of the doctor's opinion on the cause of the injuries. Ms. Andrews had also moved to exclude that testimony from her neurologist's deposition.

The trial court denied Ms. Andrews' motion and allowed the admission of evidence of the previous accidents for the limited use of attacking the credibility of the neurologist's opinion. The court prohibited the defense from arguing or speculating to the jury that these prior accidents were the actual cause of Ms. Andrews' injuries, but allowed the defense to argue that an issue existed "as to the causal relationship between this accident and these injuries."

At trial, Ms. Andrews was questioned about the two prior accidents. She testified she was not injured in either accident and had not sought medical attention after either one. Her coworker testified that Ms. Andrews had not exhibited any injury or pain until after the accident with Mr. Salter. In addition, the defense was allowed to enter into evidence photographs of Ms. Andrews' vehicle after the November 1994 accident, which photographs reflected damage to the front of her car. That damage had been repaired, for about $2000, well before the accident caused by Mr. Salter,

and Ms. Andrews testified it had been returned to its condition before the accident. The second accident, which involved another car hitting the rear of her car, occurred in June of 1995. Ms. Andrews testified on cross-examination that her car had not been repaired after the second collision.[1]

Ms. Andrews' expert, Dr. Clinton, a neurologist, testified that her tests revealed that Ms. Andrews had suffered a ruptured lumbar disk, which was putting pressure on a nerve, and she was likely to suffer pain in the future. When asked to give an opinion as to any causal relationship between Ms. Andrews' medical problems and the accident involving Mr. Salter, the doctor testified, "In my opinion, the pain and the ruptured disk were caused by the auto accident."

On cross-examination, Dr. Clinton testified that her records did not include any reference to prior automobile accidents. She also had no independent recollection of whether Ms. Andrews had told her about the previous accidents or not. Dr. Clinton explained that this absence could be due to the fact that she, the doctor, did not find them significant, because she only includes in her records what she considers important. She further testified that if Ms. Andrews had mentioned the other accidents, after which she suffered no pain or other consequence and sought no medical treatment, the doctor would have considered them insignificant and unrelated to Ms. Andrews' present condition. She also stated that, based on the questions normally asked in taking a history, she would not expect a patient to bring up incidents involving no pain or injury. She said she did not expect a person to bring up small events that happen.

When asked about the small amount of damage to the car as compared to Ms. Andrews' injuries, Dr. Clinton stated that just because the impact was not significant to the car does not necessarily mean it was not significant enough to cause the back injury.

The defense offered no evidence to the contrary. Mr. Salter presented no evidence that Ms. Andrews was injured in the prior accidents or in any other way. He presented no evidence establishing a connection between the prior accidents and Ms. Andrews' ruptured disk and related pain and problems. He offered nothing to rebut the doctor's statement that the insignificance of damage to the car was not indicative of the significance of the physical injury which could have been caused by the accident. Nor did the defense challenge the reasonableness or necessity of Ms. Andrews' medical expenses.

Although the trial court had ordered that Mr. Salter was not permitted to argue or speculate to the jury that the prior accidents actually caused Ms. Andrews' injury, his counsel skillfully planted that speculation through questioning and certainly through the photograph of the considerable damage to the front end of Ms. Andrews' car sustained in the accident ten months earlier. In his closing argument, counsel argued that the "bump" which resulted in no visible damage to her car could not have caused the $11,000 in damages claimed. He then argued that the neurologist's opinion was based solely on what Ms. Andrews had told her and that there had been

---

[1]To the extent the photographs of the rear of Ms. Andrews' car after Mr. Salter hit her showed no or little visible damage, they reflected any damage sustained in both accidents.

no mention of a "head-on collision." He also stated that "those might or might not have been significant."   Thus, the issue of whether the prior automobile accidents had caused all or some of Ms. Andrews' injuries was raised, and the jury was invited to speculate.

Although juries may properly draw inferences from the evidence before them, whether direct or circumstantial, it is well settled in Tennessee that "[a]n inference can be drawn only from the facts in evidence, and cannot be based on surmise, speculation, conjecture, or guess." *Benton v. Snyder*, 825 S.W.2d 409, 414-415 (Tenn. 1992) (quoting 32 C.J.S. *Evidence* § 1044 (1942)).  "An inference is reasonable and legitimate only when the evidence makes the existence of the fact to be inferred more probable than the nonexistence of the fact." *Underwood v. HCA Health Services of Tenn., Inc.*, 892 S.W.2d 423, 426 (Tenn. Ct. App. 1994). Juries are not permitted to engage in conjecture, speculation, or guesswork as to which of two equally probable inferences is applicable. *See Stringer v. Cooper*, 486 S.W.2d 751, 756 (Tenn. Ct. App. 1972).  Speculation has been defined as "the art of theorizing about a matter as to which evidence is not sufficient for certain knowledge." BLACK'S LAW DICTIONARY 1255 (5th ed. 1979).

There was simply no evidence presented which provided any basis for a conclusion that Ms. Andrews' injuries were caused, even in part, by the prior automobile accidents or by any other mishap Ms. Andrews may have suffered in the past.  Ms. Andrews presented evidence that her pain and physical problems were caused by the accident that was caused by Mr. Salter's negligence.  She presented evidence of the causal link and of the nature and extent of her injuries.  Whether the jury would have disbelieved the extent of her injuries if presented only with the argument and photographs regarding the slight amount of damage to her car we cannot know.  However, the jury was allowed to consider evidence which was irrelevant and/or was prejudicial beyond its relevance.

Only relevant evidence is admissible.  *See* Tenn. R. Evid. 402.  "Evidence is relevant if it tends to prove the issue or constitutes a link in the chain of proof." *Pridemark Custom Plating, Inc. v. Upjohn Co., Inc.,* 702 S.W.2d 566, 572 (Tenn. Ct. App. 1985).  Relevance has two facets: materiality and probative value.  *See* N. Cohen, D. Paine, and S. Sheppeard, TENNESSEE LAW OF EVIDENCE § 401.2 at 82-83 (3d ed. 1995).  "Materiality limits evidence to proof of issues properly provable in the case."  *Id.*  Probative value requires that evidence "assist in proving what it is offered to prove."  *Id.*

Even relevant evidence should be excluded when its probative value "is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury . . . ." Tenn. R. Evid. 403.  In the explanatory note to Rule 403, "unfair prejudice" is defined as "[a]n undue tendency to suggest decision on an improper basis, commonly, though not necessarily, an emotional one."

The photographs of damage to the front of Ms. Andrew's car in a collision occurring ten months before the accident at issue, when that damage had been repaired and when Mr. Salter had hit the rear of Ms. Andrews' car, were not relevant to the issues in this case.  Defense counsel's reference to the failure to mention a "head-on collision" can only be interpreted as a reference to the

5

earlier collision. There was uncontroverted evidence that Ms. Andrews suffered no injuries in the prior accidents and had not displayed any pain or other problems after those accidents. The defense provided absolutely no linkage between the prior accidents and Ms. Andrews' injuries. Absent any such linkage, evidence regarding the fact that she had experienced prior automobile accidents had no more relevance than any other mishap or accident she may have experienced without injury. She was not required to disprove any other possible cause of her injuries, which was the burden placed upon her by the evidence of only the occurrence the prior accidents and the speculation encouraged by its introduction. Without a greater connection between the accidents and her injuries, the prejudice created by the evidence of the prior accidents was greater than any probative value it may have had.

> Reviewing all the evidence and the jury's verdict, we cannot uphold the judgment.
>
> Whether it be said that there is no evidence to support the verdict, or that the jury overlooked or ignored uncontroverted evidence, or that the jury acted upon a misconception of the evidence or the law, or that the verdict is so inconsistent or inadequate or both as to indicate the various forms of improper consideration by the jury, this Court is satisfied that justice was not done, and that the verdicts are not consonant with the facts shown by the uncontroverted evidence and the law applicable thereto.

*Loftis v. Finch*, 491 S.W.2d 370, 377 (Tenn. Ct. App. 1973).

Ms. Andrews proved by her own testimony and by that of her coworker and her doctor that she incurred injuries as a result of the accident caused by Mr. Salter, and the law did not require her to disprove every other potential cause. The defense was allowed to introduce the fact of two prior accidents with no evidentiary predicate that they were related to her injuries. There was simply no evidentiary basis to allow the jury to conclude that Ms. Andrews was injured in the prior accidents. We are convinced that the limited and incomplete evidence that two prior accidents occurred, without any basis for connecting them to Ms. Andrews' injuries, invited the jury to speculate that she had been injured in the prior accidents when there was no direct or circumstantial evidence to support such a conclusion.

Accordingly, the judgment of the trial court is reversed and this case is remanded for a new trial and further proceedings consistent with this opinion. Costs of this appeal shall be taxed to Appellee, for which execution may issue if necessary.

_____
PATRICIA J. COTTRELL, JUDGE

6