IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
January 15, 2015 Session

# RICHARD HARKLEROAD, ET AL. v. FRONTIER BUILDING AND DEVELOPMENT, INC.

**Appeal from the Circuit Court for Knox County**
**No. 227212      Harold Wimberly, Jr., Judge**

**No. E2013-00664-COA-R3-CV-FILED-APRIL 23, 2015**

This appeal concerns an alleged breach of contract. Richard and Shannon Harkleroad ("the Harkleroads") sued Frontier Building and Development, Inc. ("Frontier") alleging faulty construction of their residence. Frontier filed a counterclaim alleging non-payment. The Circuit Court for Knox County ("the Trial Court") found that the Harkleroads were entitled to recovery in the amount of $10,000 for construction defects to their porches and driveway. Regarding Frontier's counterclaim, the Trial Court found that Frontier had performed work in addition to that required in the original contract and awarded Frontier $4,103.75 for this work. The Trial Court awarded neither side attorney's fees under their contract. The Harkleroads appeal. We reverse the Trial Court as to its award of damages to Frontier and remand this case for the Trial Court to award reasonable attorney's fees under the contract to the Harkleroads. Otherwise, we affirm the judgment of the Trial Court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court
Affirmed, in part, and, Reversed, in part; Case Remanded**

D. MICHAEL SWINEY, J., delivered the opinion of the court, in which CHARLES D. SUSANO, JR., C.J., and THOMAS R. FRIERSON, II, J., joined.

Margaret W. Vinsant, Knoxville, Tennessee, for the appellants, Richard and Shannon Harkleroad.

R. Deno Cole, Knoxville, Tennessee, for the appellee, Frontier Building and Development, Inc.[1]

---

[1] Frontier filed no brief on appeal. Indeed, Frontier filed a motion to dispense with oral argument, informing this Court that the two sole stockholders and principals of Frontier had retained counsel to file a petition for Chapter 7 bankruptcy. The corporation itself, however, is not under bankruptcy protection.

# OPINION

## Background

In October 2011, the Harkleroads sued Frontier in the General Sessions Court for Knox County for breach of contract related to Frontier's construction work on the Harkleroads' residence.[2]  The Harkleroads non-suited the case and refiled in March 2012.  In April 2012, Frontier filed a counterclaim for breach of contract against the Harkleroads.  The General Sessions Court heard the matter in May 2012, after which both parties appealed to the Trial Court for a de novo hearing.  This case was tried in January 2013.

The Harkleroads entered into a contract ("the Contract") with Frontier in February 2008.  Under the Contract, Frontier was to build a home for the Harkleroads.  The Contract was a "cost-plus" contract, with the final price to consist of the actual labor and material costs plus 15% above the actual cost of the project.  Shawn Roderiques and Christian Johnson, the owners of Frontier, signed the Contract for Frontier.

Richard Harkleroad testified.  Mr. Harkleroad stated that he and his wife chose Frontier to build their home because they had seen the quality of Frontier's other work.  Frontier estimated the cost of construction to be $527,275.00.  The parties agreed that this figure was not set in stone.  The Harkleroads visited the property regularly during the construction.  The parties had a practice of making changes verbally or by email.  The parties never executed any formal change orders during construction.

By October 2008, the project was running over the estimated cost by about $40,000.  The Harkleroads made efforts to cut costs by, among other things, undertaking to do the landscaping and sodding themselves.  Frontier did not do the landscaping in the front and backyards as was originally planned.

After moving into the house, the Harkleroads began experiencing water and flooding problems.  In December 2008, the roof began leaking around the chimney causing damage in the master bedroom on the main floor and the den in the basement.  The roof around the chimney was repaired by Frontier and K.C. Construction in April 2009.  Additional water issues emerged.  According to Mr. Harkleroad, the grading of the backyard sloping caused water problems around the back of the house.  Photographs of the affected area were admitted into evidence.

---

Frontier has closed its operations following an unsuccessful development project.  According to Frontier, this appeal is moot.  We denied Frontier's motion and now proceed to decide this appeal.

[2] The record contains no transcript.  We draw the background facts of this case from a Statement of Evidence.

In response to the Harkleroads' request for help, Frontier installed a French drain in the backyard at no cost to the Harkleroads. This reduced the level of flooding but did not completely resolve the problem. The Harkleroads completed their final walkthrough of the home in December 2008. Mr. Harkleroad shook hands with Mr. Roderiques and Mr. Johnson and thanked them for their work. While Article 10.1 of the Contract provided a one-year builder's warranty, Mr. Harkleroad testified that he never received any written warranty.

Shannon Harkleroad testified. The Harkleroads' home was substantially completed in November 2008. The family moved into the house in December 2008. Mrs. Harkleroad testified that Frontier returned to the house to effect repairs multiple times through July 2009. According to Mrs. Harkleroad, a number of problems never were fixed by Frontier. In February 2010, the Harkleroads sent Frontier a letter detailing the various outstanding issues. No reply from Frontier was forthcoming. The Harkleroads had not submitted payment on the 2009 invoice from Frontier for work it did repairing the interior water damage. By the time this case was filed, there were three main problem areas with the home: the grading of the backyard, the driveway, and the front and back porches. In September 2011, in response to a letter from the Harkleroads outlining their problems, Frontier responded by denying liability or defects. Mrs. Harkleroad testified to the nature of the defects. The top layer of the driveway was disintegrating. Grout and mortar were breaking off the porches. According to Mrs. Harkleroad, she and her husband performed some landscaping but did not grade the property at any point.

Ronald Corum ("Mr. Corum"), a professional engineer, testified for the Harkleroads. Mr. Corum was qualified as an expert witness. Mr. Corum had conducted evaluations of the Harkleroads' home. According to Mr. Corum, the porches were deteriorating and much of the grout was missing. Mr. Corum also testified to the spalling on the driveway.[3] Mr. Corum did not believe that the Harkleroads were responsible for this spalling, although Mr. Corum could not say definitively what had caused the spalling. Mr. Corum testified that the driveway needed to be replaced. Regarding the grading issue, Mr. Corum testified that the grading sloped toward the house in excess of building code requirements. Mr. Corum stated that a rough grade always should be completed, and that the Harkleroads' flooding problems mainly were a result of improper grading.

Daniel Tate Rice ("Mr. Rice"), the owner of Grand Master Concrete, testified for the Harkleroads. Mr. Rice inspected the Harkleroads' home. According to

---

[3] "Spalling" refers to the chipping or crumbling of rock or concrete.

Mr. Rice, the costs for repairs were as follows: $10,575.00 to tear out and re-do the front porch; $5,625.00 to remove the pavers and grout and finish the back porch; $7,394.00 to repair the water drainage issue; and, $17,040.00 to remove and re-pour the driveway.

Hunter Birtsch ("Mr. Birtsch"), a sales account manager for Ready Mix USA who was present when the concrete was delivered to the Harkleroads' property, testified for Frontier. Mr. Birtsch testified that the concrete supplied by Ready Mix USA had the proper water-to-cement ratio and was mixed according to industry standards. Mr. Birtsch asserted that the driveway spalling looked like the result of exposing the concrete to car care products and was not the fault of Ready Mix USA. Mr. Birtsch asserted that the driveway was completed in a workmanlike manner and the Harkleroads were in fact responsible for the problems that arose with the driveway. Mr. Birtsch testified that Mr. Rice's estimates for cost of repairs were overstated. With respect to the porches, Mr. Birtsch stated that the pavers did not need to be replaced, but instead that the missing grout should be filled in as needed.

Chris Johnson ("Mr. Johnson"), co-owner of Frontier, testified. Mr. Johnson testified that the driveway and porches were installed in a workmanlike manner. According to Mr. Johnson, Frontier was not liable for defects in grading because the Harkleroads had taken on the responsibility of the landscaping. Mr. Johnson further testified that the issue surrounding the slope of the backyard would have been corrected had the Harkleroads installed a swimming pool as they had considered doing. According to Mr. Johnson, the grading work performed by Frontier was intended to be a rough and not final grade. Mr. Johnson stated that the Harkleroads caused the problems with the driveway by parking cars dripping various chemicals on the driveway. Mr. Johnson testified that the spalling was concentrated on areas of the driveway where the Harkleroads parked their cars. Mr. Johnson referred to Mr. Rice's repair estimates as ridiculous and seriously inflated. Regarding the porches, Mr. Johnson testified that replacing the mortar in the pavers would cost a few hundred dollars. Mr. Johnson testified that fewer than ten percent of the pavers on the back porch were missing mortar and fewer than two percent of the bricks on the front porch were missing mortar. Concerning the final grading, Mr. Johnson flatly denied any responsibility. Mr. Johnson stated the drainage issue could be fixed easily by installing another French drain.

Mr. Johnson also testified about the roof leak for which Frontier performed work. Frontier entered into evidence the invoice sent to the Harkleroads and invoices from subcontractors for work they had performed to repair the damage. In December 2009, Frontier sent the Harkleroads an invoice requesting payment for repair work undertaken to fix the interior water damage from the roof leak. The Harkleroads never paid this invoice. The total of the outstanding invoice was $4,703.74.

In August 2013, the Trial Court entered its amended final judgment, granting some relief to both sides. The Trial Court wrote as follows:

Judgment was entered in this case on February 8, 2013. Upon motion of the plaintiffs to supplement that judgment the following is added. This is done because no transcript was made of the trial and the Court's announced findings.

This action was originally filed in General Sessions Court by plaintiffs who allege breach of contract for construction of a house. The case was voluntarily dismissed in General Sessions Court, refiled, and then appealed to this Court. The Court finds that this action was timely filed.

Plaintiffs alleged various defects in labor and construction of the house. These involved the driveway, porches, and grading of the back yard. The contract itself was characterized as a cost plus contract. The parties could agree to add or subtract from the contract and the final price would be a percentage in addition to actual labor and material costs.

The parties and various witnesses testified at the trial. Exhibits including photographs of the areas in question were submitted. Widely varying opinions were given concerning the extent of any defects, the causes of such defects, and amounts necessary to correct any defects. Original defendants filed a counter action seeking damages for additional work done during the project not included in the original agreement.

The Court found by a preponderance of the evidence that the plaintiffs had indicated to defendants that no further grading work need be done in the back yard since they had other plans to accomplish that themselves. No recovery was allowed for any deficiencies or defects in the backyard grading. The Court further found that plaintiffs were entitled to a recovery for defects in the porches and driveway. Considering the exhibits and testimony relating to these areas, the Court awarded $10,000.00 in damages to plaintiffs. With regard to the counter claim, the Court found that the original defendant had done work for which it had not been paid as an addition to the original contract and found and awarded damages to the original defendant in the amount of $4,103.75. With regard to the attorney fees, the court found that since both parties were entitled to recover under the contract attorney fees would be considered as set off and no attorney fees would be awarded.

The Trial Court denied a motion by the Harkleroads to alter or amend judgment. The Harkleroads filed an appeal with this Court.

## Discussion

Although not stated exactly as such, the Harkleroads raise the following issues on appeal: 1) whether the Trial Court erred in finding that the Harkleroads had assumed responsibility of the grading work; 2) whether the Trial Court erred in calculating the amount of damages awarded to the Harkleroads; 3) whether the Trial Court erred in finding that the work performed to repair water damage from the defective roof was additional to the original contract requiring compensation to Frontier; and, 4) whether the Trial Court erred in finding that the Harkleroads were not entitled to attorney's fees.

The factual findings of the Trial Court are accorded a presumption of correctness, and we will not overturn those factual findings unless the evidence preponderates against them. *See* Tenn. R. App. P. 13(d); *Bogan v. Bogan*, 60 S.W.3d 721, 727 (Tenn. 2001). With respect to legal issues, our review is conducted "under a pure *de novo* standard of review, according no deference to the conclusions of law made by the lower courts." *Southern Constructors, Inc. v. Loudon County Bd. of Educ.*, 58 S.W.3d 706, 710 (Tenn. 2001). In *Beaty v. McGraw*, 15 S.W.3d 819 (Tenn. Ct. App. 1998), this Court stated:

> Determinations concerning the amount of damages are factually driven. *See Loftis v. Finch*, 491 S.W.2d 370, 377 (Tenn. Ct. App. 1972). Thus, the amount of damages to be awarded in a particular case is essentially a fact question. *See Sholodge Franchise Sys., Inc. v. McKibbon Bros., Inc.*, 919 S.W.2d 36, 42 (Tenn. Ct. App. 1995); *Buice v. Scruggs Equip. Co.*, 37 Tenn. App. 556, 571, 267 S.W.2d 119, 125 (1953). However, the choice of the proper measure of damages is a question of law to be decided by the court. *See American Trust Inv. Co. v. Nashville Abstract Co.*, 39 S.W. 877, 881 (Tenn. Ch. App. 1896); *see also Business Men's Assurance Co. v. Graham*, 891 S.W.2d 438, 449 (Mo. Ct. App. 1994); *Town of Fifield v. State Farm Mut. Auto. Ins. Co.*, 119 Wis.2d 220, 349 N.W.2d 684, 686 (Wis. 1984).

*Beaty*, 15 S.W.3d at 827. *See also GSB Contractors, Inc. v. Hess*, 179 S.W.3d 535, 541 (Tenn. Ct. App. 2005).

As stated by this Court in *Lee Masonry, Inc. v. City of Franklin*, No. M2008-02844-COA-R3-CV, 2010 WL 1713137 (Tenn. Ct. App. Apr. 28, 2010), *no appl. perm. appeal filed*:

> "A party who has materially breached a contract is not entitled to damages stemming from the other party's later material breach of the same contract. Thus, in cases where both parties have not fully performed, it is necessary for the courts to determine which party is chargeable with the first uncured material breach."

*Lee Masonry*, 2010 WL 1713137, at *10 (quoting *McClain v. Kimbrough Constr. Co., Inc.*, 806 S.W.2d 194, 199 (Tenn. Ct. App. 1990)).

We first address whether the Trial Court erred in finding that the Harkleroads assumed responsibility of the grading work. The record contains no transcript of the trial, but rather a Statement of Evidence. Based on our review of the Statement of Evidence, there obviously is a contradiction in the accounts put forward by both sides regarding who was to be responsible for the grading.

The Harkleroads argue that Frontier could not in any event delegate their responsibility under the Contract. *See* Tenn. Code Ann. § 47-50-112 (c); *Fed. Ins. Co. v. Winters*, 354 S.W.3d 287 (Tenn. 2011). We, however, believe this is an erroneous analysis. At issue is not whether Frontier could delegate its responsibilities, as such. We must determine what Frontier's and the Harkleroads' responsibilities were. If, in fact, the Harkleroads represented to Frontier that they would assume responsibility for the grading in order to lower the construction costs, the Harkleroads would have no contractual basis to receive damages from Frontier for defective grading.

The record, again, is contradictory. Nevertheless, we cannot say that the evidence preponderates *against* the Trial Court's finding "that the plaintiffs had indicated to defendants that no further grading work need be done in the back yard since they had other plans to accomplish that themselves." Our standard of review is limited. We do not find evidence in the record sufficient to overturn this finding by the Trial Court. This being so, we find that the Harkleroads assumed responsibility for future grading, and Frontier was not responsible or liable for additional grading work. We affirm the Trial Court as to this issue.

We next address whether the Trial Court erred in calculating the amount of damages awarded to the Harkleroads. The Trial Court arrived at the figure of $10,000 for the driveway and porches. The Harkleroads request approximately $40,000 for costs to repair the grading, driveway, and porches. We already have addressed responsibility for

the grading. With respect to the figures for the driveway and porches, the evidence does not preponderate against the Trial Court's findings, and we do not find that the Trial Court committed reversible error in arriving at a figure of $10,000. We affirm the Trial Court's calculation of damages.

We next address whether the Trial Court erred in finding that the work performed to repair water damage from the defective roof was additional to the original contract requiring compensation to Frontier. The Harkleroads argue, among other things, that they had no contractual duty to pay Frontier for work done to repair damage caused by Frontier's defective work, and that, at any rate, Frontier is precluded from recovering damages on its breach of contract claim considering it committed the first material, uncured breach. We find merit in this argument.

While the Trial Court characterized the additional work by Frontier as "work for which it had not been paid as an addition to the original contract," in reality this additional work arose out of Frontier's original contractual work and was required to correct damages resulting from Frontier's original work. It would be unjust, and contrary to applicable law, to allow Frontier to recover on a breach of contract claim in a construction case for additional work that was necessary only because of Frontier's defective original work and where Frontier already had breached the Contract in a material, uncured manner. We reverse the Trial Court in its award of $4,103.75 to Frontier.

The final issue we address is whether the Trial Court erred in finding that the Harkleroads were not entitled to attorney's fees. The Contract contains a clear provision providing for reasonable costs and expenses, including attorney's fees, for the prevailing party in litigation arising out of the enforcement, duties, and obligations of the Contract. Given our reversal of the Trial Court's award of damages to Frontier, the Harkleroads unambiguously are now the prevailing party and are therefore entitled to an award of attorney's fees. We reverse the Trial Court on this issue and remand for the Trial Court to conduct a hearing to determine an appropriate award of reasonable attorney's fees for the Harkleroads.

In summary, we affirm the Trial Court in its finding that Frontier was not responsible or liable for additional grading work as the Harkleroads had assumed this responsibility. We also affirm the Trial Court in its calculation of damages awarded to the Harkleroads. We reverse the Trial Court's award of damages to Frontier on its counterclaim. We further reverse the Trial Court in its declining to award reasonable attorney's fees to the Harkleroads, and we remand this case for the Trial Court to conduct a hearing toward that end.

## Conclusion

The judgment of the Trial Court is affirmed, in part, and reversed, in part, and this cause is remanded to the Trial Court for collection of the costs below, and for a hearing to determine reasonable attorney's fees for the Harkleroads. The costs on appeal are assessed against the Appellee, Frontier Building and Development, Inc.

_____
D. MICHAEL SWINEY, JUDGE