# IN THE COURT OF APPEALS OF TENNESSEE
## AT JACKSON
### ASSIGNED ON BRIEFS NOVEMBER 29, 2006

## TRI-STATE HOME IMPROVEMENT v. MARILYN STARKS

**Direct Appeal from the Circuit Court for Shelby County**
No. CT-000415-05     D'Army Bailey, Judge

---

**No. W2006-01556-COA-R3-CV - Filed April 19, 2007**

---

The plaintiff contractor filed a complaint in Shelby County General Sessions Civil Court against the defendant for a debt owed for various house repairs performed according to a service contract. The case was appealed to the Shelby County Circuit Court. Discovery was conducted, and the defendant filed a motion for leave to file a counter-complaint, which the trial court granted. In her counter-complaint, the defendant alleged that the contractor had not fulfilled the terms of the contract within the specified time period, that the contractor had failed to make repairs in compliance with local building codes as provided by the contract, and that the contractor had failed to perform repairs in a workmanlike manner. A bench trial was held, and the trial court found that the defendant was entitled to offset the original contract price of $14,981 by $5,500, and it entered judgment in favor of the contractor for $9,481 representing the remaining contract price. The trial court denied the contractor any award of attorney's fees, and it assessed court costs against the defendant. The defendant appealed to this Court. We affirm in part, reverse in part, and remand.

**Tenn. R. App. P. 3.; Appeal as of Right; Judgment of the Circuit Court Affirmed in Part, Reversed in Part, and Remanded.**

ALAN E. HIGHERS, J., delivered the opinion of the court, in which DAVID R. FARMER, J., and HOLLY M. KIRBY, J., joined.

Marilyn Starks, Memphis, TN, *pro se*

Joseph E. Garrett, Memphis, TN, for Appellee

**OPINION**

**I. FACTUAL BACKGROUND AND PROCEDURAL HISTORY**

This appeal involves a dispute regarding a contract for home repairs. The plaintiff contractor, Tri-State Home Improvement, Incorporated ("Tri-State" or "Appellee"), entered into a contract with the defendant, Marilyn Starks ("Ms. Starks" or "Appellant"), on May 26, 2004. According to the terms of the contract, Tri-State agreed to perform various repairs to Ms. Starks's house and property, which included replacing existing roofing and chimney materials, removing shingles and rotten wood from the house's exterior, painting the house's exterior, and replacing a fence and gate on the property. The total agreed upon cash price for the work to be performed was $14,981, with "[p]ayment upon completion of job." The exact dates on which this work was performed are not reflected in the record, which consists of only a technical record and photographic exhibits.

On July 14, 2004, Ms. Starks sent a typewritten letter to Tri-State which purported to terminate the company from the job, citing dissatisfaction with the work that had been performed at that time. On July 19, Appellant sent another letter to Tri-State in which she asked "that in order to settle this matter that [Tri-State] put in writing the cancellation of our first contract and write another one." Ms. Starks wrote that "[t]his would release us . . . from payment of the work and material such as the wood and paint," and Ms. Starks further indicated that she agreed to pay $5,000 "for roof work and roofing materials only." On July 23, counsel for Tri-State sent a letter to Ms. Starks requesting payment in full of $14,981 according to the existing contract.

Tri-State filed a civil warrant in the Shelby County General Sessions Civil Court on October 26, 2004, seeking to collect $14,981 from Ms. Starks "plus attorney fees pursuant to contract in the amount of $4,993.67 plus court costs . . . ." The outcome of this general sessions case is not apparent from the record before this Court, however, the matter was appealed to the Shelby County Circuit Court. The parties engaged in discovery from May of 2005 through November of 2005.

On February 16, 2006, Ms. Starks filed a motion for leave of court to file a counter-complaint against Tri-State, which the trial court granted by order on April 6, 2006. In her counter-complaint, Appellant alleged that Tri-State had not fulfilled or completed the terms of the contract, that Tri-State had failed to make repairs in compliance with local building codes, that Tri-State failed to complete performance within the time frame provided by contract, and that Tri-State failed to perform repairs in a workmanlike manner. In support of this final allegation, Ms. Starks included a list of alleged deficiencies regarding the work performed by Tri-State, which are set forth as follows:

> (a)     Failed to remove aluminum siding from six windows in the
>          back of the house;
> (b)     Failed to replace all of the rotten wood;
> (c)     Failed to scrape off all peeling paint from the house before
>          painting;

(d)     Failed to prime and, instead, painted over chipped and peeled paint, causing additional chipping and peeling;

(e)     Failed to properly install the gate under the carport even with the fence;

(f)     Failed to properly install the gate and the fence under the carport at the proper height so as to match the remaining fence around the yard;

(g)     Failed to properly install 4x4s on the gate under the carport;

(h)     Failed to properly install the second gate at the second driveway parallel behind the fence;

(i)     Failed to use the proper size nails, resulting in the splitting of the wood used in construction;

(j)     Failed to consistently use proper size poles as some poles are smaller than others, resulting in the fence not being level;

(k)     Failed to properly install handles on the wrong side of the gate, such that the Counter-Defendant cannot enter the gate from outside the yard;

(l)     Failed to secure fencing which has already begun falling apart;

(m)     Failed to replace all rotten decking on the roof.

A bench trial was held on June 27, 2006, before the Honorable D'Army Bailey. The record does not contain a transcript from this hearing. On July 14, 2006, the trial court entered an order in which it made the following findings of fact:

1. The total contract price between the parties is in the amount of Fourteen Thousand Nine Hundred Eighty One and 00/100 Dollars ($ 14,981.00), based upon the evidence presented at the hearing in the cause as established by Exhibit 1.

2. An adjustment in price regarding the fence constructed by the Plaintiff should be awarded in favor of the Defendant in the amount of One Thousand and 00/100 Dollars ($ 1,000.00) toward the total of the contract based upon the evidence presented at the hearing of this matter.

3. An adjustment in price regarding the roof construction by the Plaintiff should be awarded in favor of the Defendant in the amount of One Thousand and 00/100 Dollars ($ 1,000.00) toward the total of the contract based upon the evidence presented at the hearing of the matter as a result of leaking around the chimney area of the roof.

4. The painting of the house of the Defendant which was performed by agents of the Plaintiff should be discounted in the

amount of Three Thousand [sic] and 00/100 Dollars ($ 3,500.00) from the original contract price as determined by the evidence presented by Derrick Guinn, dba. The Painting Company of Southaven, Mississippi, a witness for the Defendant.

5. As a result and pursuant to the credits listed above, the Court finds that the Defendant is indebted to the Plaintiff in the amount of Nine Thousand Four Hundred Eighty One and 00/100 Dollars ($ 9,481.00).

The trial court entered judgment in favor of Tri-State for $9,481, denied Tri-State any attorney's fees pursuant to its original contract, and assessed costs against Ms. Starks. Ms. Starks filed a timely notice of appeal to this Court.

## II. Issues Presented

Acting *pro se* on appeal, Ms. Starks presents the following issue, as we perceive it, for our consideration:

Whether the trial court erred in finding her entitled to discount only $5,500.00 from the total contract price of $14,981.00.

Additionally, Tri-State offers the following issue for our review:

Whether the trial court erred in denying it attorney's fees, for which the contract specifically provided.

For the following reasons, we affirm in part, reverse in part, and remand for further proceedings.

## III. Standard of Review

A trial court's conclusions of law are subject to *de novo* review with no presumption of correctness. **Campbell v. Fla. Steel Corp.**, 919 S.W.2d 26, 35 (Tenn. 1996). We review findings of fact by the trial court *de novo* upon the record of the trial court, accompanied by a presumption of correctness of the finding, unless the preponderance of the evidence is otherwise. Tenn. R. App. P. 13(d) (2006).

## IV. Discussion

We first address Appellant's argument that the trial court's entry of judgment in favor of Tri-State in the amount of $9,481.00 was error. Appellant requests this Court to "adjust the [trial court]'s ruling and award Defendant[] full credit for the substandard work performed by Tri-State Home Improvement." In her brief, Appellant argues:

The work performed by Tri-State Home Improvement was extremely substandard as evidenced by the exhibit pictures filed. Defendants were charged with providing professional testimony to substantiate their claim along with exhibited pictures; however, Defendant's council [sic] subpoenaed only one of three contractors. Because two of the three contractors were not in court and there was no professional testimony, the Judge awarded Defendants partial credit as follows: $1,000.00 for roof and $1,000.00 for fence. Full credit in the amount of $3,500.00 was awarded to the Defendants toward the paint job because of the professional testimony which was provided by the painting company. Therefore, had the testimony of the other two (2) professionals (fencer and roofer) been heard, the Judge would have possibly awarded full credit for such an unprofessional and incomplete job.

Appellant's brief cites no authorities for this position, nor does it reference the record, which consists of one technical record and photographic exhibits. Appellant filed a notice stating that no transcript or statement of evidence would be filed on appeal.

"The purpose of assessing damages in a breach of contract suit is to place the plaintiff, as nearly as possible, in the same position he would have had if the contract had been performed." *GSB Contractors, Inc. v. Hess*, 179 S.W.3d 535, 541 (citing *Wilhite v. Brownsville Concrete Co., Inc.*, 798 S.W.2d 772, 775 (Tenn. Ct. App. 1990)). "Determinations concerning the amount of damages are factually driven." *Beaty v. McGraw*, 15 S.W.3d 819, 827 (Tenn. Ct. App. 1998) (citing *Loftis v. Finch*, 491 S.W.2d 370, 377 (Tenn. Ct. App. 1972)). "Thus, the amount of damages to be awarded in a particular case is essentially a fact question." *Id.* (citing *Sholodge Franchise Sys., Inc. v. McKibbon Bros., Inc.*, 919 S.W.2d 36, 42 (Tenn. Ct. App. 1995); *Buice v. Scruggs Equip. Co.*, 37 Tenn. App. 556, 571, 267 S.W.2d 119, 125 (1953)). However, the choice of the proper measure of damages is a question of law. *Id.* (citing *American Trust Inv. Co. v. Nashville Abstract Co.*, 39 S.W. 877, 881 (Tenn. Chan. App. 1896)).

Appellant alleges error by her attorney in failing to summon two witnesses to trial, which she asserts caused her prejudice in the trial court's determination of the amount of damages by which she was entitled to discount the contract price originally agreed upon by the parties.

"Rule 6(a)(3) of the Rules of the Court of Appeals of Tennessee provides: '(a) Written argument in regard to each issue on appeal shall contain: . . . (3) A statement reciting wherein appellant was prejudiced by such alleged error, with citations to the record showing where the resulting prejudice is recorded.'" *McConnell v. McConnell*, 1989 Tenn. App. LEXIS 687, *4-5 (Tenn. Ct. App. Oct. 23, 1989). "This Court has not previously required any structured formality in complying with Rule 6(a) . . . . It is necessary, however, for parties to include the substance of Rule 6(a) within the argument of their briefs with respect to each issue." *Warmath v. Payne*, 3 S.W.3d 487, 491 (Tenn. Ct. App. 1999). We note that Appellant has failed to provide such a

statement or any citation to the record, and she has similarly failed to substantively comply with this Rule. We also direct Appellant's attention to Rule 27(a) of the Tennessee Rules of Appellate Procedure, which further sets out the necessary contents of an appellate brief provided to this Court.

Insofar as Appellant asserts error at the trial level with regard to the assistance of counsel, we find this argument to be without merit. The Tennessee Supreme Court has held that although "ineffective assistance of counsel is a proper ground for granting relief in a criminal case, there is no such constitutional guarantee to effective counsel in a civil case." **Welch v. Bd. of Prof'l Responsibility**, 193 S.W.3d 457, 465 (Tenn. 2006). Therefore, Ms. Starks is not entitled to relief based upon any alleged deficiencies with her legal representation.

To the extent that Appellant otherwise challenges the trial court's determination of the amount of damages to which she was entitled, her position is similarly unavailing. As Appellant's challenge is to the amount of damages awarded, rather than the measure of such damages, we review the trial court's findings *de novo* with a presumption of correctness, unless the preponderance of the evidence is otherwise. *See* Tenn. R. App. P. 13(d) (2006). As the Eastern Section of this Court has held:

> Where the issues raised go to the evidence, there must be a transcript. In the absence of a transcript of the evidence, there is a conclusive presumption that there was sufficient evidence before the trial court to support its judgment, and this Court must therefore affirm the judgment. **Coakley v. Daniels**, 840 S.W.2d 367, 370 (Tenn. App. 1992). *See also* **Word v. Word**, 937 S.W.2d 931, 932 (Tenn. App. 1996); **Sherrod v. Wix**, 849 S.W.2d 780, 783 (Tenn. App. 1992); **Irvin v. City of Clarksville**, 767 S.W.2d 649, 653 (Tenn. App. 1988). . . .
> This court has held time and time again that "in the absence of a transcript or statement of the evidence, we must conclusively presume that every fact admissible under the pleadings was found or should have been found favorably to the appellee." **Leek v. Powell**, 884 S.W.2d 118, 121 (Tenn. App. 1994); **Lyon v. Lyon**, 765 S.W.2d 759, 763 (Tenn. App. 1988). . . .

**Killian v. Tabor Constr.**, NO. 03A01-9803-CH-00106, 1998 Tenn. App. LEXIS 576, at *3-5 (Tenn. Ct. App. Aug. 19, 1998); *see also* **Fink v. Crean**, No. M2005-01364-COA-R3-CV, 2006 Tenn. App. LEXIS 814, at *21-22 (Tenn. Ct. App. Dec. 21, 2006) ("Where no transcript of the evidence is filed, there is a presumption that the proceedings were proper and that the evidence supported the judgment."). Appellant did not file a transcript of evidence or statement of evidence on appeal. We therefore must presume that there was sufficient evidence before the trial court to support its judgment regarding damages.

Tri-State's sole issue on appeal is whether the trial court erroneously denied it an award of attorney's fees in the final judgment. As a basis for this argument, Tri-State cites a provision of the contract entered into by the parties on May 26, 2004. A copy of the contract was included within the technical record filed with this Court, and the relevant portion, found beneath a section entitled "Contract Conditions," reads:

> If the purchaser defaults in payment of an installment and such default continues for more than ten (10) days, the purchaser agrees to pay a late charge of 5% of the installment, not to exceed $5.00 for any one installment. If the purchaser fails to pay an installment when due, the contractor or his assigns shall have the right to accelerate the maturity date, repossess and sell the property, *and the purchaser shall pay all attorneys* [sic] *fees, court costs and disbursements.*

(emphasis added).

Tennessee has adopted the American rule of legal fees, requiring litigants to pay their own fees absent an exception. *Morrow v. Bobbitt*, 943 S.W.2d 384, 392 (Tenn. Ct. App. 1996). "One recognized exception is that attorney's fees may be recovered by a prevailing party when attorney's fees are provided for by statute or by contract between the parties." *ABC Painting Co. v. White Oaks Apts. of Hermitage*, No. M2006-00280-COA-R3-CV2007, 2007 Tenn. App. LEXIS 2, at *11 (Tenn. Ct. App. Jan. 2, 2007) (citing *Goings v. Aetna Cas. & Sur. Co.*, 491 S.W.2d 847, 848 (Tenn. Ct. App. 1972)). In *Jerry T. Beech Concrete Contractor, Inc. v. Larry Powell Builders, Inc.*, No. M2001-02709-COA-R3-CV, 2003 WL 726955 (Tenn. Ct. App. Mar. 4, 2003), the Court of Appeals ultimately affirmed a trial court's award of attorney's fees to a contractor whose service contract with a construction company provided for such an award in the event of the construction company's default on the agreement. On a previous appeal, the Court of Appeals found the contract provision to be enforceable, and after review of the trial court's determination of a reasonable fee upon remand, it noted the following passage from American Law Reports, which we believe is germane to the case at bar:

> The consensus of opinion of the courts is that where the holder of a note or similar evidence of indebtedness containing a provision for the payment of attorney's fees brings an action on the note, and *the plaintiff's recovery is lessened, but not completely extinguished, by the defendant's recovery on a counter-claim or the like, the allowance of attorney's fees should be proportionately cut down*, the amount of recovery of such fees being based on the difference between the amount due on the plaintiff's instrument including principal and interest and the defendant's recovery on the counter-claim.

***Jerry T. Beech Concrete Contractor, Inc.***, 2003 WL 726955, at *5 (citing 41 A.L.R.2d 677, 681) (emphasis added).  We similarly believe that the contract provision cited by Appellee in this case is enforceable, and that Appellee is entitled to an award of reasonable attorney's fees.  We therefore reverse the trial court's denial of attorney's fees to Appellee pursuant to the contract.  Taking into account the trial court's findings that Appellee was not entitled to the entire contract amount, but rather an offset amount in consideration of Appellant's counterclaim regarding the quality of Appellee's work, we remand this case to the trial court for the submission of proof as to Appellee's attorney's fees, a determination of a reasonable attorney's fee, and a corresponding award in favor of Appellee that is consistent with this opinion.

## V. CONCLUSION

The decision of the trial court is affirmed in part, reversed in part, and remanded for further proceedings consistent with this opinion.  Costs are to be assessed equally against Appellant, Marilyn Starks, and her surety, and Appellee, Tri-State Home Improvement, Inc., for which execution may issue if necessary.

_____
ALAN E. HIGHERS, JUDGE